## W. SOLON · WOOLIVER v. THE BOYLSTON INSURANCE COMPANY.

*Fire insurance—Authority of agent—Pleading—Sunday contract— Evidence.*

1. Where, in a suit upon an insurance policy issued by the local agents of the defendant, the execution of the policy is not denied by the defendant under oath at the time of filing its plea, the authority of the agents to execute the policy, as well as the fact of its execution, is admitted,[1] and therefore, though the authority actually conferred was in writing, defendant is not harmed by admission of parol evidence of such authority.

2. In a suit upon a fire insurance policy, it appeared that the defendant's agents and the assured talked over the terms of the insurance on Sunday, and the agents agreed on that day to write a policy for a certain amount, but no company was mentioned, or rate agreed upon, or date fixed for the commencement or termination of the policy. A policy for the amount agreed upon was written, dated, delivered, and became operative on the following Monday, on which day the premium was paid. And it is held that the policy is not a Sunday contract.

3. The court instructed the jury that, if the plaintiff fairly disclosed to defendant's agents the condition of his title, the

———

[1] See, as to the effect of a failure to deny on oath the execution of a written instrument under Circuit Court Rule No. 79, *Union Central Life Insurance Co. v. Howell*, 101 Mich. 332, 335, and note.

contract of insurance was valid, but that if he informed them that he owned the property in fee, and had a clear title to the same, when in fact he had only an executory contract for its purchase, such misrepresentation would vitiate the policy. And it is held that the court, in said instruction, correctly stated the law in this State; citing *Crouse v. Insurance Co.*, 79 Mich. 249; *Hall v. Insurance Co.*, 93 Id. 184.

4. The plaintiff testified that he had paid $50 on the contract of purchase. Testimony on the part of the defendant that the plaintiff, in a conversation had after the fire with the adjuster and the local agents, claimed that he had paid $150 on said contract, was excluded. And it is held that whether the plaintiff had paid one sum or the other could not affect the rights of the parties, as, under the instruction given, the result would have been the same in either case.

Error to Alpena. (Kelley, J.) Argued January 24, 1895. Decided February 12, 1895.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Joseph H. Cobb,* for appellant.

*George B. Greening (James McNamara,* of counsel), for plaintiff.

GRANT, J. Plaintiff's declaration set forth the issuance of a policy of insurance to him by the defendant, and the loss by fire of the property insured. The plea was the general issue, with notice that plaintiff made false representations as to the title to the land upon which the insured property was situated, and that the contract was made upon Sunday.

1. Paterson & Small were the local agents of defendant. Complaint is made of the ruling of the court permitting them to testify that they were the defendant's agents, and had authority to write the policy. The defendant, it appears, had stated and claimed that the authority was in writing. The execution of the policy was not denied under

oath by the defendant at the time of filing its plea. Its execution was therefore admitted. This, of course, admitted the authority of the agents to execute it, and no proof of execution was necessary.

2. Plaintiff lived about five miles from the city of Alpena, where the local agents resided. He applied to them for the insurance. They informed him that they would ride out the following Sunday, and look the property over. They did so, talked over the terms of the insurance, and agreed that they would write him a policy of $1,000 upon the house, and $500 upon his furniture; but no company was mentioned, no rate agreed upon, no date fixed for the commencement or termination of the policy. On the following day (Monday) plaintiff went to their office. The policy was then made out, the rate agreed upon and paid, and the policy delivered, dated and to commence on Monday. This was not a Sunday contract. Contracts dated, executed, and delivered on a week day cannot be defeated because the terms were talked over, or even agreed to, upon Sunday.

3. No written application was made for the policy, which was a Michigan standard policy. Plaintiff testified that Paterson & Small asked him if he owned the premises, to which he replied, "No,"—that he had bought the place on a contract; that he produced the contract, and read to them the description from it. Paterson testified that he asked plaintiff if there was anything against the property, to which he replied, "No;" that he asked him if he had a clear title, to which he replied that he had. The court instructed the jury that, if plaintiff fairly disclosed to the agents the condition of his title, the contract of insurance was valid, but that if he informed them that he owned the property in fee, and had a clear title to it, when in fact he had only an executory contract for purchase, such misrepresentation would vitiate the policy, and

the defendant would not be liable. This instruction cor-rectly stated the law in this State. *Crouse v. Insurance Co.*, 79 Mich. 249; *Hall v. Insurance Co.*, 93 Id. 184. The authorities will be found cited in these two cases.

4. Plaintiff testified that he had paid $50 on the con-tract. The defendant sought to show that in a conversa-tion with the adjuster and the local agents, after the fire,. he said he had paid $150. This was excluded. We do not consider it of sufficient importance to justify reversal, even if the testimony were competent. Whether he had paid $50 or $150 did not affect the rights of the parties. The result would have been the same in either case, under the instruction of the court.

Judgment affirmed.

LONG, MONTGOMERY, and HOOKER, JJ., concurred. McGRATH, C. J., did not sit.