BAUMLER *v.* FARMERS' NORTHERN MUTUAL FIRE-
INSURANCE CO.

1. FIRE INSURANCE — ACTION ON POLICY — PLEADING — ISSUES —
   FRAUD OF PLAINTIFF.
     In an action on a fire-insurance policy, the fraud of plaintiff is
     not in issue when not set forth in the notice attached to de-
     fendant's plea, as required by Circuit Court Rule No. 7, subd. *b*.

2. SAME—AVOIDANCE OF POLICY — INCUMBRANCES — ESTOPPEL OF
   COMPANY—MISSTATEMENT BY AGENT.
     Where an applicant for a fire-insurance policy correctly states
     the amount of a mortgage on the property, is unable to read,
     and signs the application without having it read to him, the
     fact that the application and policy, prepared by the com-
     pany's agent, states the incumbrance at a less sum does not
     avoid the policy.

Error to Menominee; Stone, J. Submitted April 10,
1907. (Docket No. 56.) Decided May 18, 1907.

Assumpsit by Emil Baumler against the Farmers'
Northern Mutual Fire-Insurance Company, Limited, on
a policy of insurance. There was judgment for plaintiff,
and defendant brings error. Affirmed.

*Norwood Bowers*, for appellant.

*Mills & Cain*, for appellee.

CARPENTER, J. In the lower court plaintiff recovered
a verdict and judgment in a suit brought upon a policy
issued to him by defendant insuring against loss by fire a
certain building and its contents. One of the grounds of
error relied upon by defendant, viz., the fraud of plaintiff,
is not open for consideration, because it was not set forth
in the notice attached to its plea, as required by Circuit
Court Rule No. 7, subd. *b*. There is but one other
ground, and that is this, viz., that the contract of insur-

ance was void, because a mortgage of $1,000 upon the insured property was described in the application and the policy as a mortgage of $200. ˙ The testimony of plaintiff tended to prove that he correctly stated the amount of this mortgage to defendant's agent, who filled out the application and the policy, and that plaintiff signed the application without reading it (indeed, he could not read English) and without its being read to him.   If this testimony is true—and this was a question which was properly left for the jury to determine—the erroneous description of the mortgage did not avoid the policy.   *North American Fire-Ins. Co.* v. *Throop*, 22   Mich.   146; *Beebe* v. *Insurance Co.*, 93 Mich. 514 (18 L. R. A. 481); *Russell* v. *Insurance Co.*, 80 Mich. 407; *Richards* v. *Insurance Co.*, 60 Mich. 420; *Crouse* v. *Insurance Co.*, 79 Mich. 249.

The judgment is affirmed.

MCALVAY, C. J., and GRANT, BLAIR, and OSTRANDER, JJ., concurred.