HARTFORD FIRE INSURANCE COMPANY v. HARVEY LAND-FARE ET AL.

FILED JANUARY 8, 1902.   No. 9,881.

Commissioner's opinion, Department No. 2.

1. Insurance: POLICY: WAIVER: PLEADING: REPLY. In an action upon a policy of fire insurance, if the answer pleads a forfeiture of the policy by breaches of its conditions against incumbrances existing at the date of the policy, which are set out in full in the answer, a reply which alleges "that the defendant was and at all times in the petition and answer named fully advised of the facts set out in the answer as to the incumbrances on the property so far as the same are in said answer truly alleged," is a sufficient plea of waiver of such incumbrances as against objection thereto first made in this court.

2. ——: ——: ——. An agent can not by oral contract with the insured waive the express terms of the policy of insurance, when the policy provides that "no officer, agent, or representative of the company shall be held to have waived any of the terms and conditions of this policy, unless such waiver shall be indorsed hereon in writing"; but the company may by its conduct waive a forfeiture when it has notice of the breach of condition upon which such forfeiture is based, and notice to the agent is notice to the company. Such waiver need not be in writing.

3. ——: FORFEITURE: WAIVER. Forfeiture of a policy of insurance is waived when the insurer, being informed of the facts on which forfeiture is based, thereafter continues to treat the contract as binding, and induces the insured to act in that belief.

4. Answer: ALLEGATION OF INCUMBRANCE: REPLY: ADMISSION: GENERAL DENIAL: BURDEN OF PROOF. The allegation of an incumbrance on the property in an answer in an action on a fire

Hartford Fire Ins. Co. v. Landfare.

insurance policy is not admitted by the allegation in reply "that the defendant was and at all times in said petition and answer named fully advised of the facts set out in the answer as to the incumbrances on said property, so far as the same are in said answer truly alleged"; and there being also a general denial in the reply, the burden is upon defendant to prove the existence of such incumbrance.

5. **Fire Policy.** The provision in a policy of fire insurance that the loss is payable "sixty days after due notice and satisfactory proofs of the same are made by the assured and received at their office in Chicago," is waived by such action of the company as waives proof of loss, and in such case interest should be computed from the date of the loss.

ERROR from the district court for Douglas county. Tried below before DICKINSON, J. *Affirmed.*

*Eleazer Wakeley* and *Arthur C. Wakeley,* for plaintiff in error.

*Hall & McCulloch, contra.*

SEDGWICK, C.

This action was begun in the district court of Douglas county upon a policy of insurance, for the sum of $1,750. It is alleged in the petition that the defendant, plaintiff in error, in consideration of $52.50 premium, executed and delivered to the plaintiff, Harvey Landfare, its policy of insurance on the 16th day of October, 1888, whereby it agreed to, and did, insure the said Harvey Landfare to the amount of $1,750, for the term of one year, on his factory building; that the policy stipulated that the loss, if any, was first payable to John Wendell, as his interest might appear; that on the 3d day of May, 1889, the building was totally destroyed by fire; that proofs of loss were duly presented; that the property insured was of the value of $5,000, and that Wendell held a mortgage on the property to the amount of more than $5,000,—and asked for judgment for $1,750 and interest from the 3d day of May, 1889. By a stipulation of the parties, a copy of the policy of insurance was attached to the petition. The answer admits

the insurance of the property as alleged, and the destruction thereof by fire, and alleges that the proof of loss furnished was defective and insufficient; and it then sets out certain conditions of the policy and alleges that these conditions were violated, and the policy therefore void. The reply denies each and every allegation in the answer, except such as are expressly admitted in the petition or in the reply. It then alleges that defendant was, at all times in the petition and answer named, fully advised of the facts set out in the answer as to the incumbrances on the property, so far as the same are in said answer truly alleged, and alleges that, when plaintiffs claimed an insurance and made their proofs of loss, they fully advised the defendant of the facts in that regard, and that thereafter the defendant, in August and September, prepared other proofs of loss to be executed by the plaintiffs, and delivered the same to the plaintiffs to be signed; that these proofs of loss were untrue and false, and not within the terms of the policy, and that the plaintiffs, having already executed proper proofs, declined to sign the proofs so prepared by the defendant, and proposed to defendant to change the same to correspond to the fact, to which change the defendant consented; but subsequently, and while the negotiations respecting the same were pending, the defendant refused to further negotiate, and denied all liability, and declared that the defendant was not liable for any loss under said policy; and that during all the times set forth in the reply the defendant had full knowledge of all the facts alleged in the answer, and was advised of the same and took and received the instruments made in the case and prepared proofs of loss thereunder, and did every act and thing in connection with said insurance with full knowledge of all the facts. The cause was tried to a jury with verdict and judgment for plaintiffs, and the defendant brings the case here upon proceedings in error.

It is insisted that the allegations of the reply are not sufficient to avoid the defense set up in the answer, and this contention is predicated upon the proposition that

there is no sufficient plea of waiver in the reply. The plaintiff, in order to avail himself of the waiver of the conditions of the policy, must plead such waiver. *Phenix Ins. Co. v. Bachelder,* 32 Nebr., 490; *Burlington Ins. Co. v. Campbell,* 42 Nebr., 208. But the reply alleges that the defendant was, at all times in the petition and answer named, fully advised of the facts set out in the answer as to the incumbrances on the property, so far as the same are in said answer truly alleged. This is an allegation that when the insurance was taken the company knew the condition of the property. The case was tried throughout upon the theory that the question of the waiver of forfeiture was one of the main issues of the case. The defendant requested an instruction submitting that question to the jury, which was given by the court. Under these circumstances the defendant can not now, for the first time, object that the reply was not sufficient to tender this issue.

It is next contended that the evidence was not sufficient to warrant a finding of waiver, and this contention is founded upon the proposition that under the provisions of the policy there could be no waiver of a breach of forfeiture, except in writing indorsed on the policy. The policy contained a provision to this effect. It is not doubted that this provision of the policy is binding upon the parties. The agent has no authority to make an oral contract with the insured waiving the express terms of the policy. But that is not the question involved here. The fact of the existence of the incumbrances upon the property, if unknown to the company at the time of writing the insurance, would render the policy voidable at the option of the company, and so changes in the title to the property after the insurance was effected would also render the policy voidable; but the right to declare this forfeiture can be waived by the company, and notice of breaches of the provisions of the policy given to the agent is notice to the company. *Eagle Fire Ins. Co. v. Globe Loan & Trust Co.,* 44 Nebr., 380; *Home Fire Ins. Co. v. Bernstein,* 55 Nebr., 260. Some of the language of the opinion in *German Ins. Co. v. Heiduk,*

30 Nebr., 288, must be understood as modified in these later cases. The question of notice to the company was submitted to the jury by an instruction requested by the defendant, and the evidence is sufficient to support the findings of the jury in that regard.

It is next contended that there was nothing in the conduct of the company sufficient to constitute an "estoppel." The fire occurred on the 3d of May, 1889. On the 6th of May the company's adjuster was in Omaha to investigate the loss. The plaintiff's attorney instructed him to go on and make an investigation, and he would then see him. The adjuster ascertained that the building was a total loss, and employed contractors to make estimates of the value of the building, and then left Omaha telling the contractor to leave his estimates, when made, with the company's local agent. About a month later the adjuster returned to Omaha and received his estimates, but had no conversation with plaintiff or his attorney. On the 23d day of August the plaintiff's attorney wrote the company at Chicago, calling attention to the proofs of loss which had been sent in some time before, and stating that nothing had been heard from the company with respect to the proofs nor in regard to paying the loss, and asked the company to say whether it would pay the same. To this letter the adjuster answered, saying that he would be in Omaha within the next two weeks. The plaintiff's attorney immediately wrote him that they did not desire to wait two weeks, unless he would inform them whether he intended to adjust the loss or to contest it. About ten days later the adjuster came to Omaha again and had a personal interview with plaintiff's attorney, and gave the attorney blanks for making new proofs of loss, and saying that "on return of proofs of loss, we will talk settlement." On the 1st of October the adjuster was informed that plaintiff would not make the proofs of loss furnished by the adjuster, as they contained statements that there were no incumbrances upon the property at the time of making the policy, and plaintiff insisted that the company knew

of these incumbrances; but the adjuster was informed that plaintiff was ready to sign the proofs, with the exception of these statements in regard to the incumbrances, and the adjuster was asked definitely whether these statements should be stricken out and the proofs completed. On the 12th of October he replied, stating that the company was entitled to full explanation, and asked that the proof be made "to give a true and correct history of the condition of the property," and also asked to be furnished with a copy of the clause under which losses are made payable to mortgagees; but no definite statement as to whether the payment of the loss would be contested on the ground of the incumbrances. On the 8th of November plaintiff's attorney wrote the adjuster, stating, "You desire him [plaintiff] to state in your proof of loss, as you have it, that there have been no levies on the property. There were levies made on the property as we all know. He will not swear to what is not true." And then saying, if "you think that the levy on the property, which certainly does exist, makes a difference, you can say so to me and can refuse to carry out your settlement. * * * Please let me know promptly." A few days after this the adjuster was in Omaha, and being told again the objection that plaintiff made to executing the proofs of loss, said: "Very well, we want to know them all [the incumbrances], put them in then, let them be in,—what is not in there." But still there was no definite statement that the company would refuse to pay the loss on account of these incumbrances. It is insisted by the defendant that during this time the only information Stawitz, the adjuster, had with respect to the condition of the property as to liens and incumbrances was that in addition to the Wendell mortgage, which was mentioned in the policy, there was a mechanic's lien in the sum of $100 or $150; but it was insisted by the plaintiff that the company had notice of incumbrances at the time the policy was issued, and had notice of all other matters alleged in the answer as they occurred from time to time, and this question was submitted to the jury. They

must have found in accordance with the plaintiff's conten-
tion. If, then, the company, during all these negotiations,
had notice of these violations of the conditions of the pol-
icy, and failed to insist upon a forfeiture of the policy on
account thereof, it certainly can not be said that there was
not sufficient evidence to justify the finding of the jury in
that regard.

It is also urged that "setting up a waiver of the benefit
of facts pleaded by the opposing party constitutes an ad-
mission of the truth of facts so pleaded," and that as the
answer alleged that the plaintiff's title in the property was
conditional, and was also incumbered by a mortgage for
$11,700 to one Sautter, and the reply pleads that these
matters were waived, this constitutes an admission of this
ground for forfeiture, and that there is no proof in the rec-
ord that defendant had notice of these matters until after
suit was begun; but this contention is without merit, for
several reasons. That the policy of insurance was exe-
cuted and delivered to plaintiff, is admitted in the answer.
This recites that the plaintiff is the owner of the property,
and is sufficient *prima facie* evidence of that fact. *Amer-
ican Fire Ins. Co. v. Landfare,* 56 Nebr., 482. Also plain-
tiff's deed from the carriage company was received in evi-
dence. And, moreover, the reply does not specifically
plead these matters as waived, but alleges "that the de-
fendant was and at all times in said petition and answer
named fully advised of the facts set out in the answer as
to the incumbrances on said property, so far as the same
are in said answer truly alleged"; and contains a general
denial of the allegations of the answer. If this reply was
defective, there was no objection made to it, and the issues
were tried upon the theory that the allegations of the an-
swer as to incumbrances were denied. The defendant un-
dertook to prove these incumbrances, and offered a large
volume of evidence showing the incumbrances in detail,
but no evidence in regard to the mortgage to Sautter, nor
in regard to plaintiff's title to the premises, so that the
allegations of defendant's answer in regard to these mat-

ters are not sustained by the evidence. These suggestions also dispose of the defendant's objections to the sixth, eighth, fifteenth and sixteenth instructions given by the court on its own motion. The defendant could not claim a forfeiture on the ground of the conditional nature of the plaintiff's title, nor on the ground of the Sautter mortgage, since there was no proof supporting its allegations in regard thereto, and it was proper for the court to eliminate those questions from the consideration of the jury.

The defendant asked the trial court to instruct the jury as follows: "No alleged waiver of any condition or provision of the policy would prevent the defendant from insisting that it was void unless the party insured acted to his own prejudice upon the faith of such waiver,"—which was refused, and this ruling, it is insisted, was erroneous. It is probably true that the request, rightly understood, correctly states the law; but it may well be doubted whether if given in this case without explanation, it might not have been misleading to the jury. To constitute a waiver of the provisions of a policy of insurance providing for forfeiture, the acts relied upon need not be tended with such equitable circumstances as would be required to constitute an estoppel. It is not necessary that the party be induced by the acts in question to change his position in any manner with reference to the subject of the negotiation, even when the acts are done after the forfeiture occurs. *Billings v. German Ins. Co.,* 34 Nebr., 502, *Hollis v. State Ins. Co.,* 65 Ia., 454, 21 N. W. Rep., 774. The instructions given were quite exhaustive, and in the fifteenth instruction given by the court on its own motion the jury was told that if the defendant, with full knowledge of the facts, neglected to declare its intention of insisting on the forfeiture, but by its acts recognized and treated the policy as a valid and subsisting contract between it and the plaintiffs, and induced them to act in that belief, it will be deemed to have waived such forfeiture. Under the facts as disclosed by the evidence in this case, the plaintiffs negotiated with the defendant during six months; and, with-

out doubt, if the jury believed from the evidence that during these negotiations the defendant induced the plaintiff to act in the belief that the policy was valid, by recognizing and so treating the policy, then it must follow that the provisions of the policy relied upon must be considered as waived by the company. We think that this fifteenth instruction correctly stated the law to the jury, and that it contained every essential element that the defendant was entitled to have embraced therein; and the failure of the court to state the converse of the proposition contained in this instruction is not, in the condition of the evidence in this case, reversible error. Complaint is made that the court refused to give the eighth instruction requested by the defendant; but this instruction was, in substance, given by the court on its own motion, and the objection is without merit. The court was asked to instruct the jury that there was a change in the possession of the property insured which rendered the policy void, but we think that, under the evidence, this was a question of fact for the jury, and was properly submitted. There are numerous assignments of error upon the rulings of the court in receiving and excluding evidence, but we do not find any substantial error that calls for a reversal of the judgment. The jury were instructed that, if they found for the plaintiff, their verdict should be for $1,750, with interest from date of the fire. The policy provided that the loss was payable sixty days after due notice and satisfactory proofs of the same are made by the assured, and received at their office in Chicago. It is insisted that under this provision interest should not be computed from the date of the fire, but from sixty days thereafter. In *Star Union Lumber Co. v. Finncy*, 35 Nebr., 214, it was held that such provision in a policy is merely a provision that during the time stated the company shall not be liable for costs, and that it may be waived. In *Home Fire Ins. Co. v. Fallon*, 45 Nebr., 554, it was held that when an insurance company, either before suit or by answer in the action, denies that the policy was in force when the loss occurred, it can not avail itself of a

provision, such as the one under consideration. If the furnishing of proofs of loss is waived by the company, this provision in a policy must necessarily be waived, as it furnishes no basis upon which to compute interest. We think, therefore, the rule adopted by the trial court was correct.

It is therefore recommended that the judgment of the district court be affirmed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.