DAHROOGE *v.* SOVEREIGN FIRE ASSURANCE CO.

1. INSURANCE—POLICY—STANDARD FORM—WAIVER—ESTOPPEL.
    Waiver or estoppel because the insured acquainted the agent of the insurer with the fact that there was an incumbrance outstanding against insured chattels may arise under the standard policy law, Act No. 277, Pub. Acts 1905 (3 How. Stat. [2d Ed.] § 8328), and amendments, although a permit in writing was not attached to the policy.

2. SAME—ASSIGNMENT—ATTORNEY AND CLIENT—PARTIES.

Where plaintiff had assigned to his attorneys as security for their fees all his interest in his policy of insurance, they were bound by the result of the action which they commenced in his name and took part in, so that the assignment was not a valid ground of defense to the proceedings.

3. SAME—INTEREST—APPEAL AND ERROR.

An assignment of error based on the theory that interest should not have been allowed from the date of loss but from sixty days thereafter, is not reviewable on appeal if the point was not brought to the attention of the lower court.

4. SAME—DAMAGES—EXCESSIVE VERDICT.

Plaintiff's insurable interest being shown by testimony to equal or exceed the verdict, the trial court did not err in denying a motion for new trial for alleged excessive damages.

Error to superior court of Grand Rapids; Stuart, J. Submitted October 17, 1912. (Docket No. 123.) Decided May 28, 1913.

Assumpsit by George Dahrooge against the Sovereign Fire Assurance Company on a policy of insurance. Judgment for plaintiff. Defendant brings error. Affirmed.

*Norris, McPherson & Harrington,* for appellant.

*Powers & Eardley,* for appellee.

MOORE, J. This is an action of assumpsit on a Michigan standard form fire insurance policy. From a judgment in favor of the plaintiff, the case is brought here by writ of error.

Assured had lived in Grand Rapids since 1906. He had standard form insurance policies issued to him by the same agent prior to the one in question. At the time the policy in suit was bargained for, Mr. Carr, the agent of the company, visited the house, saw

the property, and he says the assured told him that the assured owned the property. The assured claims that at that time he told Mr. Carr the insured goods were mortgaged, and that the piano insured was held on contract, and that Mr. Carr said that would make no difference. The chattel mortgage was for $143. It covered not only the property insured, but machinery that was not covered by the policy. It is claimed the value of the property insured exceeded $2,000. The policy was delivered a few days later without permit for the chattel mortgage or the conditional title to the piano indorsed or annexed to it. A fire damaged the property October 14, 1910. Assured made proofs of loss November 30th. His counsel made out the proofs of loss, and at the time of so doing was informed by assured of the state of the title to the piano. In the proofs the assured swore that the property belonged to him in fee, and that no other person had any interest therein. Upon the trial he attempted to explain, and apparently did to the satisfaction of the jury, how that came to be done. Assured made a non-waiver agreement, and was examined under oath touching the loss. This action was brought August 25, 1911. The verdict and judgment was for $679.99.

The errors relied on are grouped by counsel as follows:

"(1) That the court erred in admitting evidence of verbal notice to defendant's agent of the existence of the chattel mortgage and the piano contract, and of such agent's verbal consent thereto, and in not directing a verdict for the defendant on the ground that no written consent to such a state of affairs was indorsed on, or annexed to, the policy, also in not granting a new trial for the same reasons.

"(2) The court erred in refusing requested charges, and in charging the jury of his own motion as to fraud and false swearing.

"(3) Assured had no title to the chose in action, and no right to sue thereon for his own use and benefit.

"(4) The court erred in instructing the jury that plaintiff was entitled to recover interest on the damages claimed from the date of the fire.

"(5) The court erred in refusing to grant a new trial because of the excessive damages awarded the plaintiff."

The policy contained the following provisions:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void　*　*　*　if the interest of the insured be other than unconditional and sole ownership;　*　*　*　or if the subject of insurance be personal property, and be or become incumbered by a chattel mortgage; *　*　*　provided a loss shall occur on the property insured while such breach of condition continues. *　*　*"

Groups 1 and 2 may be considered together, as the ruling of the court thereon raises the question as to the effect and proper construction of the standard policy law of 1905 (Act No. 277, Pub. Acts 1905), its related legislation and amendments.　Act No. 307, Pub. Acts 1907; Act No. 246, Pub. Acts 1911 (3 How. Stat. [2d Ed.] § 8328).　We quote from the brief of counsel:

"Appellant claims that since the adoption of the Michigan standard form fire insurance policy law of June 16, 1905, the entire fire insurance contract made use of in this State, including every term and provision thereof, must be in writing, and that no term of the insurance, and no waiver or estoppel in connection with a fire insurance policy, can exist unless it be in writing, signed by the proper officers of the company, and written on or added to the policy in question."

This court, in *Bryant* v. *Insurance Co.,* 174 Mich. 102 (140 N. W. 482), decides this question contrary to the contention of counsel.

3. This error grows out of the fact that plaintiff had assigned his claim as security to his attorneys in

this litigation to secure them for their fees. They have taken part in this proceeding. They are bound by its results. *Lamson* v. *City of Marshall,* 133 Mich. 250 (95 N. W. 78).

4 and 5 may be considered together. The first of these relates to the matter of interest. It is claimed the judgment is too large by $7, because of interest being allowed from the date of the loss instead of 60 days later. Defendant preferred several requests to charge, but said nothing in them about when interest should run. The defendant filed a motion for a new trial, alleging 13 different reasons therefor, but does not mention, in any of them, specifically the matter of interest.

The case of *Hartford Fire Ins. Co.* v. *Landfare,* 63 Neb. 559 (88 N. W. 779), is authority for computing interest from the date of the fire in a case like the instant one. As the point was not raised until the case reached this court, we do not pass upon it.

It is urged the jury allowed excessive damages for the injury to the piano. If we assume they allowed the $100, which was stated to be the amount in the proof of loss, the record shows an abundance of testimony of a larger insurable interest than this amount.

The judgment is affirmed.

STEERE, C. J., and MCALVAY, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.