BETSEY CROUSE v. THE HARTFORD FIRE INSURANCE
COMPANY.

*Fire insurance — Authority of agent — Restrictions in policy —
Estoppel.*

| | |
|---|---|
| 79 | 249 |
| 80 | 412 |
| 79 | 249 |
| 84 | 531 |
| 84 | 651 |
| 79 | 249 |
| 87 | 430 |
| 79 | 249 |
| 93 | 534 |
| 79 | 249 |
| 104 | 135 |
| 79 | 249 |
| 148 | 431 |

1. A restriction in an insurance policy upon an agent's authority cannot be construed to refer to his acts or knowledge prior to the delivery of the policy.

2. Where an insurance agent, authorized to solicit applications and deliver policies, which applications contain no restriction upon his authority as agent, is informed by an applicant that the property proposed to be insured has been sold on a land contract, and that the insurance is designed for the protection of both vendor and vendee, and fails to state such facts in the application, which he prepares, and the policy is issued and delivered to the assured as *sole* owner, pursuant to the application, the agent acts as agent for the company in taking such application, and his information is deemed that of the company, which cannot avoid the policy under a forfeiture clause to become operative in case of erroneous representations by the assured, or a failure to make known any fact pertaining to the risk. *Ins. Co. v. Olmstead*, 21 Mich. 246, 252; *Ins. Co. v. Throop*, 22 Id. 159, 160; *Kitchen v. Ins. Co.*, 57 Id. 144, 145; *Brown v. Ins. Co.*, 65 Id. 306; *Baker v. Ins. Co.*, 70 Id. 199; *Temmink v. Ins. Co.*, 72 Id. 388; *Copeland v. Ins. Co.*, 77 Id. 554.

Error to Oakland. (Moore, J.) Argued January 10, 1890. Decided January 24, 1890.

*Assumpsit* on an insurance policy. Defendant brings error. Affirmed. The facts are stated in the opinion.

*William H. Wells*, for appellant.

*Edward J. Bissell*, for plaintiff.

MORSE, J. This is an action on an insurance policy issued by the defendant to one Heman W. Clark, Febru-

ary 3, 1886, and renewed twice, to wit, February 8, 1887, and February 1, 1888.

The policy covered a two-story frame building, occupied for general store and post-office purposes at Highland Station, at the sum of $1,000, with $400 additional on store and post-office furniture and fixtures therein. The fire occurred April 25, 1888, and a loss of $1,336.95 was claimed in the proofs of loss upon the building, and $373.50 on furniture and fixtures. After said fire, and on June 14, 1888, with the consent of the company, the policy was assigned to plaintiff, who brought this suit in the Oakland circuit court.

The defense rested upon alleged erroneous representations made by Clark in the application for insurance, which was a written one, and signed by him, and upon the fact that the conditional nature of the assured's title was not expressed in the written portion of the policy, as provided therein. This defense was coupled with an alternative claim that, if recovery was permitted, it must be limited in amount to the interest of Clark in the insured property.

The trial was by jury, and plaintiff had verdict and judgment for $1,430.73.

The proofs of loss made by Heman W. Clark, June 28, 1888, showed as follows, as to the title to the property insured:

"The property insured belonged exclusively to Heman W. Clark, so far as the legal title was concerned, but he had given a contract to Betsey Crouse, aforesaid, to sell it to her upon payment by her to him of a balance of $976. This contract was on September 19, 1887, taken up, canceled, and afterwards destroyed by all parties, and a new one issued in its stead, a copy of which new one is hereto attached. The old one was same in form as this new one, and for same amount, but time for payment of money was different, and it became due at or before the date of the new one. The agent, Fred Harris,

knew of these contracts. Any other information wanted about this contract will be furnished."

It appeared from Clark's testimony that at the time of the fire there was about $300 due him upon this contract. June 3, 1888, the balance was paid to him. In the application for insurance the following questions and answers appear:

" Q. Does applicant hold title to land in fee?    Yes.
" Q. Any other party interested in property?    No."

The policy provided among other things, that the application—

" Shall be considered a part of this policy, and a warranty by the assured, and if the assured, in a written or verbal application, makes any erroneous representation, or omits to make known any fact pertaining to the risk, * * * this policy shall be void. Or, if the assured is not the sole, absolute, and unconditional owner of the property insured, or if the said property be a building or buildings, and the insured be not the owner of the land on which said building or buildings stand by title in fee-simple, and this fact is not expressed in the written portion of the policy [then follow other provisions], then, and in every such case, this policy shall be void. [Then follow other provisions].

"And it is further expressly covenanted by the parties hereto that no officer, agent, or representative of this company shall be held to have waived any of the terms and conditions of this policy, unless such waiver shall be indorsed hereon in writing."

The application also contained a covenant that the statements therein contained constituted a just, true, and full exposition of all the facts and circumstances in regard to the condition, situation, ownership, title, etc., of the property to be insured, and that the same were made a condition of the insurance, and part of the contract, and a warranty on the part of the assured. The condition of the title, as shown by the proofs of loss and by the testimony in the case, was not set out or expressed in the written portion of the policy.

To meet this defense, the plaintiff relied upon the fact, which she was permitted to show against the objection of the defendant, that the local agent of the defendant company at Highland, who took the application for insurance and wrote out all the statements contained therein, Fred G. Harris, was fully informed at the time of such application of the condition of said title, and was kept acquainted with it thereafter, and that it was stated to him both by Clark, and by Mr. Crouse, the husband of plaintiff, and acting for her, that they wanted the property insured so that in case of loss Mrs. Crouse and Clark could both recover as their interests might appear; that Harris told them that it would make no difference,—that it was not like a mortgage, and it would not need any mention in the application or policy, as a mortgage would; that the whole facts were explained to Harris before the application was made, and he was informed that Mrs. Crouse was to pay the premiums, which she did. It was contended that in taking this application Harris was the agent of the defendant company, and that his knowledge was the knowledge of the company, and that issuing this policy as it did, with full knowledge of the condition of the title, and what was the intent and purpose of obtaining the insurance, the defendant was estopped from interposing this defense. Mr. Harris was sworn, and gave evidence as to the scope and extent of his authority, but he did not deny the claim of the plaintiff that he was fully aware of the condition of the title, and the purpose for which the insurance was effected, to wit, the insurance of the interest of Clark and plaintiff as the interest of each might appear at the time of the loss. Neither did he inform Mr. Clark of any restriction upon his agency, not even that he must send the application to the company before the policy would issue, but he testifies that he supposed Clark

knew this, because he had obtained insurance through him before.

Mr. Harris was authorized, by his commission as agent, which was introduced in evidence, to—

"Solicit and forward applications for insurance, deliver policies and renewals to applicants, and to collect and forward the premiums on same,"—

Subject to instructions. Among these instructions was the following:

"After a policy has been delivered, if changes occur in the ownership or character of the risk, rendering indorsements of any kind necessary under the terms of the policy, you will forward the same to this office, with a statement of the changes required, which will be indorsed, without any charge to the assured."

The circuit judge instructed the jury, in substance, that if they believed that, at or before the making of the application, Mr. Crouse, acting for his wife, or Mr. Clark, correctly and fairly informed Mr. Harris of the fact of the land contract held by plaintiff for the purchase of the property insured, and the agent afterwards, by his negligence or ignorance, failed to state that fact in the application, the policy would not be avoided thereby, and that in the taking of the application Mr. Harris was acting as the agent of the insurance company, and the information he possessed would be deemed to be the information of the company.

These instructions were correct, and in accordance with repeated decisions of this Court. *Kitchen v. Ins. Co.*, 57 Mich. 144, 145 (23 N. W. Rep. 616); *North American Fire Ins. Co. v. Throop*, 22 Id. 159, 160; *Ætna, etc., Ins. Co. v. Olmstead*, 21 Id. 246, 252; *Copeland v. Ins. Co.*, 77 Id. 554 (73 N. W. Rep. 991); *Temmink v. Ins. Co.*, 72 Id. 388 (40 N. W. Rep. 469); *Brown v. Ins. Co.*, 65 Id. 306 (32 N. W. Rep. 610); *Baker v. Ins. Co.*, 70 Id. 199 (38 N. W. Rep. 216).

*Ins. Co. v. Throop*, above cited, is a case very similar in its facts to the one at bar, and the reasons for the rule laid down in this State are well and fully stated by Mr. Justice COOLEY in his opinion filed in that case, and need not here be restated.

The defendant relies mainly upon the case of *Cleaver v. Ins. Co.*, reported in 65 Mich. 527, and also in 71 Id. 414; but there is a great distinction between that case and the one at bar. This distinction was partially pointed out in *Baker v. Ins. Co*. In the Cleaver case the assured had his policy in his possession at the time of his conversation with the agent, upon which conversation he relied for recovery. Here the action of the agent and the conversation relied upon was, as in the Baker case, before the policy was issued. The application contained no restrictions upon the agent's authority to act for the company, nor was the assured notified of any; and the agent's restrictions in his written authority were confined by its terms to acts after the policy was issued. Clark and the agent of Mrs. Crouse both supposed that he was the agent of the company, with power to bind such company; and, having written out the application himself, he was the agent of the company in taking it, and his knowledge was the knowledge of the company. Therefore the company issued, if the claim of the plaintiff be true, the policy with full knowledge of the state of the title, and also that the insurance was intended to be taken for the full insurable value of both interests, and the defendant is now estopped from making either one of its defenses. The restriction upon the agent, being in the policy, and not in the application, cannot be construed to refer to the acts or knowledge of the agent prior to the delivery of the policy. .

The judgment will be affirmed, with costs.

The other Justices concurred.