PENNSYLVANIA FIRE INSURANCE CO. V. MRS. S. P. FAIRES.

No. 896.

**1. Fire Insurance Policy—Pleadings—Accrual of Cause of Action.**

Where plaintiff's petition on a fire insurance policy was filed more than three months after the fire, but did not state when proofs of loss were made, it was not subject to demurrer on the ground that it did not show that the cause of action had accrued, in failing to show that the sixty days allowed the company after proofs of loss had not expired.

**2. Evidence—Harmless Error.**

Error in admitting the testimony of a witness for plaintiff, over objection, is rendered harmless where a witness for defendant testifies to the same facts, without objection.

**3. Witness—Impeaching Credibility.**

The credibility of a witness cannot, in a civil case, be impeached by the testimony of other persons, to the effect that she is a disreputable character and is keeping a house of assignation.

**4. Insurance Policy—Verbal Waiver by Agent.**

Where an insurance policy stipulates that the conditions contained therein may be waived by an agent, but only by writing in the body of the policy, a verbal waiver on the part of an agent will bind the company.

**5. Same—Proof of Waiver by Agent.**

Declarations of a young man found in the office of an insurance agent are not admissible to prove a waiver of a condition of the policy, without further proof of the declarant's relation to the insurance company and its business.

**6. Same—Charge of Court Without Evidence—Notice.**

Where the insured had executed two mortgages upon the property, and there was no competent evidence that the company, as to the first mortgage, had waived the condition forbidding a mortgage without its consent, it was error for the court to instruct that if the company had knowledge of and consented to the first mortgage, and the second mortgage was given to raise money to release the property from the first, the company was charged with notice of the second mortgage.

**7. Same—Breach of Condition—Use of Gasoline.**

The breach of a condition in a fire insurance policy forbidding the use of gasoline upon the premises will avoid the policy, although the fire causing the loss did not result from the use of the gasoline.

APPEAL from the County Court of Dallas.    Tried below before Hon. T. F. NASH.

*Harris & Knight*, for appellant.—1.  A condition in a policy of insurance that no cause of action shall arise thereon until the lapse of 60 days from the date of furnishing proofs of loss to the company, according to the terms and provisions of the policy, is reasonable and binding on the assured, and a suit filed before the expiration of 60 days is prematurely brought and should be abated, unless there is an allegation in the petition that the assurer had denied its liability under the policy, or otherwise waived proofs of loss.    Insurance Co. v. Josey, 6 Texas Civ. App., 290; Insurance Co. v. Jefferson Ice Co., 64 Texas, 197.

2.   Plaintiff was a witness in her own behalf, and there was an irreconcilable conflict, on material points in the case, between her testimony and that of defendant's witnesses, as well as with several of her

own witnesses; this being so, the above testimony was relevant and proper as going to show the character and credibility of the plaintiff by exposing her general reputation and laying bare her vicious and disreputable life.   Ingersoll v. McWillie, 30 S. W. Rep., 56; State v. Hack, 23 S. W. Rep., 1089; State v. Grant, 77 Mo., 113; 1 Greenleaf Evidence, sec. 456.

3.   The conversation in Alderhoff's office between the witness, Rice, and an unknown party was irrelevant, impertinent and hearsay, and appellant could in nowise be bound by the acts and conducts of said unknown party.

4.   The provision in a policy of insurance against the use or keeping of gasoline in a building on which or the contents of which there is any insurance is a reasonable provision and a warranty on the part of the assured; and a breach of the provision by keeping or using gasoline in the building on which, or on the contents of which, there is any insurance, violates the policy and renders it void without reference to whether the keeping and using of gasoline contributed to the loss of the property claimed to have been destroyed or not, and although its use had been suspended or abandoned for some time prior to the fire.   Insurance Co. v. Jacobs, 56 Texas, 366; Insurance Co. v. Gunther, 116 U. S., 113; Cerf v. Insurance Co., 44 Cal., 320; Couch v. Insurance Co., 25 Hun., 469 (N. Y.); 1 Wood on Insurance, sec. 58 and note 3; May on Insurance, sec. 232; Biddle on Insurance, sec. 556.

5.   A condition in an insurance policy rendering it void, if the assured, without the consent of the company, shall incumber the property insured by chattel mortgage or deed of trust, is valid and binding on the assured, and in case of its breach, without the knowledge or consent of the company, forfeits all his rights thereunder.

*R. E. Cowart* and *Wm. P. Ellison*, for appellee.—1.   Evidence to impeach a witness must be confined to the general reputation of such witness for truth and veracity, and must not be directed to particular instances of any kind, even though it be admitted that reputation for morality is admissible in such cases.   When it is apparent that the only motive in seeking to introduce testimony of immoral character, is to prejudice and not to enlighten the jury, it is not error to exclude the same, even if otherwise admissible.   Boon v. Wethered, 23 Texas, 675; 3 Am. and Eng. Ency. of Law, 114–117; Rules of District Court, Nos. 56, 57; Beeman v. Jester, 62 Texas, 433; McAnley v. Harris, 71 Texas, 639; Burk v. Odum, 70 Texas, 186; Moss v. Cameron, 60 Texas, 436; Franklin v. Turney, 62 Texas, 96; Endick v. Endick, 61 Texas, 560.

2.   A party has the right to presume that clerks in the office of a general agent have the power to represent him in his absence, so far as accepting of a notice.   Testimony is not deemed irrelevant when it tends to corroborate other testimony charging an agent with notice of a fact.   Benton v. Insurance Co., 70 Iowa, 600.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by appellee to recover five hundred dollars from appellant, alleged to be due by virtue of a policy which insured certain household and kitchen furniture, wearing apparel and bric a brac.

Appellant set up a forfeiture on the grounds that the property, after being insured, was mortgaged without its consent; that appellee, in making proof of loss, had concealed the fact of the mortgage; that the property insured was not owned by appellee; that sixty days after the fire had elapsed before proof of loss was made, and that appellee, in violation of a condition of the policy, and without the consent of the insurer, had kept and used gasoline in the house in which the insured property was located. The case was tried by a jury, and resulted in a verdict for appellee for five hundred dollars.

There was no error in overruling the third exception to the amended petition, which was to the effect that the petition did not show that the cause of action had accrued at the time of the filing of the suit. It is alleged that the fire that destroyed the property occurred on September 8, 1892, and that thereby the defendant became indebted to plaintiff in the amount of the insurance. The suit was filed December 14, 1892, more than three months after the destruction of the property. The petition does not show when the proof of loss was made, and there is nothing in its allegations that indicate that suit was brought before the expiration of sixty days from the time the proof of loss was made.

If there was any vitality in the objection to the proof made by J. W. Smith of the contents of the instrument containing the second proofs of loss, it was destroyed by the evidence of Landeau, a witness for appellant, who testified, without objection, to the same facts.

Appellant offered to prove by J. C. Taylor, T. A. Williamson and R. F. Williams that appellee, who was a witness in her own behalf, was a disreputable character, and at the time of the fire and for a long time prior thereto, was keeping an assignation house, which evidence was excluded by the court. In this action there was no error. While the right to ask a witness questions which are merely collateral to the issue, that may degrade him, has been extended very considerably in criminal cases (Carroll v. State [Tex. Crim. App.] 24 S. W. Rep., 100), yet we have seen no case where the inquiry was allowed to go beyond questions asked the witness himself on cross-examination. To permit proof such as that desired by appellant, would inject issues into the trial of causes that would result in much consumption of time and lead to no good results. We believe the rules for impeachment of witnesses enunciated in the admirable opinion of Judge Bell, in Boon v Wethered, 23 Texas, 675, are the correct and proper ones.

It has been held in this State that, where power has been given to an agent by an insurance company to waive a condition in the policy, but prescribing that it can only be done by writing in the body of the policy, a verbal waiver on the part of the agent would bind the company. Mor

rison v. Insurance Co., 69 Texas, 353. While this decision is opposed to the weight of authority, and is deemed by the writer to be unsound, and the prolific parent of fraud and perjury, still this court does not feel disposed to overrule it, and we must, therefore, hold that evidence of verbal permission to mortgage the insured property upon the part of the agent of appellant was properly permitted. The evidence, however, should have been confined to the acts and declarations of the agent, and it was error to admit declarations of a young man who was found in the insurance office by Tom Rice, a witness. The testimony in question must be presumed to have had influence upon the verdict of the jury, for the reason that appellee's right to recover depended on proof of permission to execute the mortgage, and this was the only evidence offered to show that the agent knew of the existence of the mortgage to Rice. The witness stated that the young man told him that there was nothing wrong in Mrs. Faires giving the mortgage, which the witness held in his hand at the time. It was not shown who the young man was.

The evidence shows that two mortgages were given on the insured property, the first to Tom Rice and the second to Nigro. There was no evidence that tended to show that the agent of the insurance company knew that appellee had given the mortgage to Rice, all the testimony except the declarations just spoken of, being directed to showing permission to execute the mortgage to Nigro. It was therefore clearly erroneous to instruct the jury that, if the insurance company had knowledge of and consented to the first mortgage, and the second mortgage was given to raise money to release the property from the first mortgage, appellant was charged with notice of the second mortgage. One of the provisions of the policy was, that certain named explosive substances and inflammable fluids, among the number being gasoline, were "positively prohibited from being deposited, stored, kept or used in any building on which, or on the contents of which, there is any insurance under this policy, unless by special consent expressed in the body of the policy naming each article specifically—otherwise the insurance by this policy shall be void." Appellee testified that she had a gasoline stove in the house in which the insured property was kept, and that she used gasoline. There was no evidence of permission being given to use the gasoline. The fact that the vessel in which the gasoline was kept was stored in a barn, did not relieve appellee of a forfeiture brought about by the use of gasoline in the residence. It was permissible for the insurer to prescribe the terms and conditions upon which it would assume the risk, and if the conditions were not illegal, they were binding upon the insured, and any infraction of one of them by him would release the insurer from liability, whether such violation caused the loss or not. 1 Wood, Ins., sec. 58; Garretson v. Insurance Co. (Iowa), 45 N. W. Rep., 1047; 1 May, Ins., sec. 232; 2 Beach, Ins., sec. 745. Appellant asked a charge submitting the issue of an infraction of the condition in the policy as to the use of gasoline in the house in which the insured prop-

erty was located at the time of its destruction, but it was refused, and the issue was not submitted.   This was error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*