JOHN A. FLOURNOY, Respondent, v. TRADERS' INSURANCE COMPANY, Appellant.

### Kansas City Court of Appeals, May 29, 1899.

Insurance: TITLE: INCUMBRANCE: STIPULATION AGAINST WAIVER. Where the agent issuing the policy knows of an incumbrance on the insured property, the company thereby waives stipulation against such incumbrance notwithstanding a further stipulation that such agent or any other person, except its secretary, was not authorized to waive, since such stipulation applies only to acts of the parties subsequent to the issuing of the policy and not those preceding it.

*Appeal from the Buchanan Circuit Court.*—HON. C. F. STROP, Judge.

AFFIRMED.

FYKE, YATES, FYKE & SNIDER for appellant.

(1) For the agent to issue a policy on mortgaged property which provides that if the property is or becomes mort-

gaged the policy shall be void, is to permit the agent to modify or strike from the policy one of its conditions.    This the policy declares can only be done by the company's secretary. (2)    The St. Louis court of appeals holds, without citing any authority in support of its *dictum*, that this latter clause refers only to subsequent alterations or changes.    Nixon v. Ins. Co., 69 Mo. App. 358.    Is there any common sense in this decision?    Is it not opposed to the doctrine of Loehner v. Ins. Co., 17 Mo. 247; Shoup v. Ins. Co., 51 Mo. App. 286; Lama v. Ins. Co., 51 Mo. App. 447; Burnham v. Ins. Co., 63 Mo. App. 93; Wolf v. Ins. Co., 75 Mo. App. 337; Ins. Co. v. Fletcher, 117 U. S. 519 ?

JOHN A. FLOURNOY, JAMES M. WILSON and GRANT S. WATKINS for respondent.

Regarding the real question in the case and the only one as far as raised by defendant's answer, we have simply to say that the trial court followed the law as laid down in the well considered case of Nixon v. Ins. Co., 69 Mo. App. 351.

SMITH, P. J.—This is a suit on a fire insurance policy. There was a trial before the court, a jury being dispensed with.    There were no instructions requested or given.    The plaintiff had judgment and the defendant appealed.

There was a condition in the policy to the effect that, "if the interest of the insured in the building be other than an unincumbered title in fee simple to the ground whereon it stands    *    *    * . this policy shall become absolutely void." At the time of the issue of the policy the property covered thereby was subject to a mortgage lien for $300.    According to the terms of the policy this could have no other effect than to render it void and inoperative.    But since it appears that the policy writing agent of the defendant knew of the existence of the incumbrance at the time he received the premium and delivered the policy to the insured, the

defendant must, in consequence thereof, be deemed to have waived the condition of the policy hereinbefore quoted.

But the defendant insists that even though its agent at the time of the issue of the policy did have knowledge of the existence of the incumbrance, this did not constitute a waiver of said policy condition, for the reason that it is expressly provided in said policy "that neither the agent who issued the policy nor any other person, except its secretary in the city of Chicago, has authority to .waive, modify or strike from the policy any of the terms and conditions." This clause was most manifestly intended to operate as a limitation on the powers of the agents to waive or modify the terms and conditions of the policy after it had been issued, and not upon their power to agree upon and settle the terms before the issue thereof. It refers to subsequent and not preceding acts of the parties in relation to waivers of conditions, etc., of the policy. Nixon v. Ins. Co., 69 Mo. App. 351; Ins. Co. v. Ruckman, 127 Ill. 364.

The defendant's insistence can not be upheld. The judgment is for the right party and accordingly must be affirmed. All concur.