# CASES DETERMINED

# SUPREME COURT OF NEBRASKA

AT

## JANUARY TERM, 1903.

---

GERMAN INSURANCE COMPANY OF FREEPORT, ILLINOIS, V.
ARTHUR L. SHADER.

FILED FEBRUARY 17, 1903. No. 12,824.

1. **Pleading**: CONDITION PRECEDENT. In pleading performance of conditions precedent under section 128, Code of Civil Procedure, a plaintiff may properly assume that conditions which have been waived will not be relied upon, and allegations of waiver to meet a defense based on such conditions are not inconsistent with the statutory allegation that all conditions on his part have been duly performed.

2. ———: ———. A plaintiff does not change his cause of action by substituting allegations of waiver for a general denial with respect to a defense of breach of conditions precedent.

3. **Policy of Insurance**: WAIVER OF CONDITIONS: CONSTRUCTION. Former decisions of this court as to waiver of conditions in policies of insurance and the construction of such conditions adhered to.

4. **Provisions of Policy**: RISK: WAIVER OF PROVISION: PAYMENT OF PREMIUM. Provisions in a policy of insurance that the risk shall not attach unless the premium has been actually paid, are waived in case the policy is delivered upon an agreement to extend credit, and the insurer does not take advantage of said provisions, but treats the policy as in force.

5. **Receiving Premium After Total Destruction**: WAIVER. Receiving the premium after destruction of all the insured property, so that nothing remains to which insurance might attach, waives a provision that the insurer shall not be liable for a loss occurring before payment of the premium.

5           (1)

6. ———: Repudiation of Act of Agent: Return to Agent with Instructions: Tender. Where an agent who has general power to receive and collect premiums accepts a premium after loss and the insurer desires to repudiate such act, it should return or tender the money to the insured; mere return to the agent with instructions which are not executed will not suffice.

7. Misconduct of Counsel: Conflicting Evidence: Decision of Court. The decision of the trial court upon conflicting evidence as to misconduct of counsel will not be disturbed.

8. Instruction. While not to be commended, an instruction directing the jury to "do substantial justice" between the parties, is not prejudicial error where they are told to do so by finding a verdict "solely from the evidence in the case, applying the law as given in these instructions."

Error to the district court for Lancaster county: Edward P. Holmes, District Judge. Affirmed.

Lionel C. Burr, Charles L. Burr and Frank A. Boehmer, for plaintiff in error.

Halleck F. Rose and Wilmer B. Comstock, contra.

Pound, C.

On a former occasion a judgment for the plaintiff in this cause was reversed for the reason that the trial court permitted him to show waiver of conditions in a policy of insurance upon a reply which only denied that there had been any breach.* Upon a new trial, a verdict for the plaintiff was again rendered, and the insurance company has come to this court on error a second time.

The principal errors assigned are the admission of parol evidence as to waiver of conditions in the policy notwithstanding a provision that no agent should have power to waive such conditions otherwise than by a written indorsement, and certain instructions whereby the question as to waiver was left to the jury. It is also claimed that the amendments whereby plaintiff was allowed to set up waiver of the conditions in the policy state a new and distinct cause of action, upon which the statute of limi-

* This case is reported in 1 Neb. (Unof.) 704. Opinion by Day, C.

tations had run, within the purview of the decision in *Buerstetta v. Tecumseh Nat. Bank*, 57 Neb. 504; that the verdict is contrary to the evidence; that plaintiff's counsel were guilty of prejudicial misconduct, and that the trial court erred in instructing the jury to "do substantial justice" by their verdict.

We are satisfied that the case of *Buerstetta v. Tecumseh Nat. Bank, supra*, has no application. In pleading performance of conditions precedent under section 128, Code of Civil Procedure, a plaintiff may safely assume that conditions which have been waived will not be relied upon, and allegations of waiver to meet a defense based on such conditions are not inconsistent with the statutory allegation that all conditions on his part have been duly performed. *Levy v. Peabody Ins. Co.*, 10 W. Va. 560, 27 Am. Rep. 598. Hence it was entirely proper to set up the waiver in reply, and there would have been no departure from the cause of action set up in the petition had this course been taken. *Jacobs v. St. Paul Fire & Marine Ins. Co.*, 86 Ia. 145, 53 N. W. 101; *Standard Accident Ins. Co. v. Friedenthal*, 1 Colo. App. 5, 27 Pac. 88; *American Central Ins. Co. v. McLanathan*, 11 Kan. 533; *Virginia Fire & Marine Ins. Co. v. Saunders*, 86 Va. 969, 11 S. E. 794. It could make no substantial difference if the plaintiff preferred to anticipate the defense and set up waiver in the petition. He did not change his cause of action by substituting allegations of waiver for the general denial.

The question as to admissibility of the evidence objected to has been before the court in various phases in a number of cases, and, if we may rely upon past adjudications, has been completely determined. *Slobodisky v. Phenix Ins. Co.*, 53 Neb. 816; *Pythian Life Ass'n v. Preston*, 47 Neb. 374; *Hartford Fire Ins. Co. v. Landfare*, 63 Neb. 559; *Hunt v. State Ins. Co.*, 66 Neb. 121, 125, and cases cited. But in a number of cases which have come before us recently, as well as in the case at bar, the prior decisions of this court on the subject of insurance have been assailed vigorously, and it has been asserted

that the court has taken positions at variance both with
principle and authority.    The recent decision of the su-
preme court of the United States in *Northern Assurance
Co. v. Grand View Building Ass'n,* 183 U. S. 308, 22 Sup.
Ct. Rep. 133, 46 L. ed. 213, is chiefly relied upon in this
connection, and that case has been urged upon our atten-
tion so persistently of late that it seems proper to state
the reasons moving us to adhere to the course of decision
long established in this jurisdiction, notwithstanding the
great authority of the tribunal which has adopted a
different doctrine.

The general rule, that an insurance company can not
take advantage of conditions in a policy whereby such
policy is to be void by reason of circumstances existing
at the time the policy issued, in case the facts were known
to its agent at the time, has been recognized universally.
More recently insurance companies have sought to avoid
the consequence of this well established rule by pro-
visions to the effect that the conditions of the policy
could be waived only by written indorsement, and by
clauses in which agents are forbidden to waive any of the
conditions of the policy in any other manner.    Notwith-
standing provisions of this type, an overwhelming ma-
ority of the state courts have continued to apply the
rule that an insurance company can not set up that a
policy issued by its agent with knowledge of the facts
was void when it was issued, by reason of facts which
he well knew.    Including our own court, the courts of
some twenty-seven states, at least, have, upon one ground
or another, adhered to this doctrine in the face of these
provisions as to waiver.    *Wood v. American Fire Ins.
Co.,* 149 N. Y. 382, 44 N. E. 80, 52 Am. St. Rep. 733;
*Berry v. American Central Ins. Co.,* 132 N. Y. 49; 30 N.
E. 254, 28 Am. St. Rep. 548; *Blass v. Agricultural Ins.
Co.,* 162 N. Y. 639, 57 N. E. 1104; *Breedlove v. Norwich
Union Fire Ins. Society,* 124 Cal. 164, 56 Pac. 770; *Kruger
v. Western Fire & Marine Ins. Co.,* 72 Cal. 91, 13 Pac. 156,
1 Am. St. Rep. 42; *Crouse v. Hartford Fire Ins. Co.,* 79

Mich. 249, 44 N. W. 496; *Improved-Match Co. v. Michigan Mutual Fire Ins. Co.,* 122 Mich. 256, 80 N. W. 1088; *Lamberton v. Connecticut Fire Ins. Co.,* 39 Minn. 129, 39 N. W. 76, 1 L. R. A. 222; *Anderson v. Manchester Fire Assurance Co.,* 59 Minn. 182, 63 N. W. 241, 28 L. R. A. 609, 50 Am. St. Rep. 400; *Reaper City Ins. Co. v. Jones,* 62 Ill. 458; *John Hancock Mutual Life Ins. Co. v. Schlink,* 175 Ill. 284, 51 N. E. 795; *Phenix Ins. Co. v. Caldwell,* 187 Ill. 73, 58 N. E. 314; *Bartlett v. Fireman's Fund Ins. Co.,* 77 Ia. 155, 41 N. W. 601; *Western Assurance Co. v. McAlpin,* 23 Ind. App. 220, 55 N. E. 119, 77 Am. St. Rep. 423; *Hobkirk v. Phœnix Ins. Co.,* 102 Wis. 13, 78 N. W. 160; *Trustees of St. Clara Female Academy v. Northwestern National Ins. Co.,* 98 Wis. 257, 73 N. W. 767; *Cole v. Union Central Life Ins. Co.,* 22 Wash. 26, 60 Pac. 68, 47 L. R. A. 201; *Hart v. Niagara Fire Ins. Co.,* 9 Wash. 620, 38 Pac. 213, 27 L. R. A. 86; *Thackery Mining & Smelting Co. v. American Fire Ins. Co.,* 62 Mo. App. 293; *Flournoy v. Traders' Ins. Co.,* 80 Mo. App. 655; *Parsons v. Knoxville Fire Ins. Co.,* 132 Mo. 583, 34 S. W. 476; *McGonigle v. Susquehanna Mutual Fire Ins. Co.,* 168 Pa. St. 1, 31 Atl. 868; *Insurance Co. v. National Bank,* 88 Tenn. 369, 12 S. W. 915; *Hartford Fire Ins. Co. v. Keating,* 86 Md. 130, 38 Atl. 29, 63 Am. St. Rep. 499; *Pope v. Glens Falls Ins. Co.,* 130 Ala. 356, 30 So. 496; *Western Assurance Co. v. Phelps,* 77 Miss. 625, 27 So. 745; *Home Ins. Co. v. Gibson,* 72 Miss. 58, 17 So. 13; *Gandy v. Orient Ins. Co.,* 52 S. Car. 224, 29 S. E. 655; *Wilson v. Commercial Union Assurance Co.,* 51 S. Car. 540, 29 S. E. 245, 64 Am. St. Rep. 700; *Cowell v. Phœnix Ins. Co.,* 126 N. Car. 684, 36 S. E. 184; *London & Lancashire Fire Ins. Co. v. Gerteson,* 51 S. W. (Ky.) 617; *Niagara Fire Ins. Co. v. Johnson,* 4 Kan. App. 16, 45 Pac. 789; *German Ins. Co. v. Gray,* 43 Kan. 497, 23 Pac. 637, 8 L. R. A. 70, 19 Am. St. Rep. 150; *Spaulding v. New Hampshire Fire Ins. Co.,* 52 Atl. (N. H.) 858; *Hilton v. Phœnix Assurance Co.,* 92 Me. 272, 42 Atl. 412; *German-American Ins. Co. v. Humphrey,* 62 Ark. 348, 35 S. W. 428, 54 Am. St. Rep. 297; *Pennsylvania Fire Ins. Co. v. Faires,*

13 Tex. Civ. App. 111, 35 S. W. 55; *Phœnix Ins. Co. v. Searles,* 100 Ga. 97, 27 S. E. 779; *American Central Ins. Co. v. Donlon,* 66 Pac. (Colo. App.) 249; *Farmers & Merchants' Ins. Co. v. Nixon,* 2 Colo. App. 265, 30 Pac. 42; *Kahn v. Traders' Ins. Co.,* 4 Wyo. 419, 34 Pac. 1059, 62 Am. St. Rep. 47; *Osborne v. Phenix Ins. Co.,* 64 Pac. (Utah) 1103.

In some jurisdictions it is held that the conditions restricting the power of the agent to waive provisions of the policy have no reference to conditions in the policy avoiding the contract in its inception. *Wood v. American Fire Ins. Co.,* 149 N. Y. 382, 44 N. E. 80, 52 Am. St. Rep. 733; *Continental Ins. Co. v. Ruckman,* 127 Ill. 364, 20 N. E. 77, 11 Am. St. Rep. 121; *Rickey v. German Guarantee Town Mutual Fire Ins. Co.,* 79 Mo. App. 485; *Crouse v. Hartford Fire Ins. Co.,* 79 Mich. 249, 44 N. W. 496. Courts taking this view hold that the provision as to waiver only limits the power of the agent to waive conditions of the policy after it attaches, and not the power of the agent to make a contract in the first instance. Other courts hold that a provision against waiver otherwise than in writing may itself be waived, and that this waiver may be oral. *Phenix Ins. Co. v. Hart,* 149 Ill. 513, 36 N. E. 990; *German Ins. Co. v. Gray,* 43 Kan. 497, 23 Pac. 637, 8 L. R. A. 70, 19 Am. St. Rep. 150; *Orient Ins. Co. v. McKnight,* 197 Ill. 190, 64 N. E. 339; *German-American Ins. Co. v. Humphrey,* 62 Ark. 348, 35 S. W. 428, 54 Am. St. Rep. 297; *Western Assurance Co. v. Williams,* 94 Ga. 128, 21 S. E. 370; *Pennsylvania Fire Ins. Co. v. Faires,* 13 Tex. Civ. App. 111, 35 S. W. 55; *Kahn v. Traders' Ins. Co.,* 4 Wyo. 419, 34 Pac. 1059, 62 Am. St. Rep. 47. This court took the same position in *Hartford Fire Ins. Co. v. Landfare,* 63 Neb. 559. Other courts hold that such a provision is invalid on the ground that it is in effect a limitation of the power of the corporation itself to waive provisions in its own contracts, since the corporation can act only through agents. *Lamberton v. Connecticut Fire Ins. Co.,* 39 Minn. 129, 39 N. W. 76, 1 L. R. A. 222. In

other jurisdictions, the position is taken that issuance and delivery of the policy without objection, and with knowledge on the part of the agent of facts which would render the policy invalid, is of itself a waiver by the company of the condition against parol waiver, since the company can not take the benefit of a contract made by its agent, and at the same time escape the burden thereof. *Insurance Co. v. National Bank,* 88 Tenn. 369, 12 S. W. 915; *McGonigle v. Susquehanna Mutual Fire Ins. Co.,* 168 Pa. St. 1, 31 Atl. 868; *American Fire Ins. Co. v. First Nat. Bank,* 73 Miss. 469, 18 So. 931; *Liverpool & London & Globe Ins. Co. v. Ende,* 65 Tex. 118; *Davis v. Phœnix Ins. Co.,* 111 Cal. 409, 43 Pac. 1115.

Finally, it has been suggested that failure to strike out the clause violated by facts of which the agent had knowledge, or to indorse the written consent, should be treated as a waiver. *Devine v. Home Ins. Co.,* 32 Wis. 471.

From the very nature of the contract of insurance, it is doubtless essential that there be the utmost good faith on the part of the insured; and insurers are compelled to take great precautions to avoid imposition, and to obtain the proper data with reference to which they may determine the character of the risk which they assume. For these reasons, it is proper that the court should not merely enforce provisions in policies designed to protect the insurer in such respects, but the courts would be justified in dealing with provisions of that character somewhat liberally if so drawn as to operate no further. But insurers have to deal not only with fraud and imposition on the part of those who insure, but with carelessness and even dishonesty on the part of those whom they procure to act as their agents. Excessive zeal to procure business leads agents who are paid by commissions to do things in the stress of competition which their employers are not entirely willing to sanction; and the provisions inserted in policies with which courts have had to deal in the past have been designed manifestly quite as much to avoid responsibility on the part of the company for acts of its agents as to prevent

imposition on the part of those whom the company insured. In *Union Mutual Ins. Co. v. Wilkinson*, 13 Wall. (U. S.) 222, 20 L. ed. 617, Mr. Justice Miller made some characteristically sensible remarks upon this subject, which have been quoted frequently. As he says, the reports of judicial decisions are filled with the efforts of companies to establish the doctrine that they can stimulate agents to great activity in procuring contracts of insurance, and pay them commissions on the premiums obtained, and yet limit their responsibility for the acts of these agents substantially to the simple receipt of the premium and delivery of the policy. In consequence, there has been a contest between the courts on the one hand and counsel for insurance companies on the other, the latter devising skillfully framed clauses and provisions, and the former largely thwarting the purpose of these clauses by construing them strictly against the insurer. It can not be denied that not a little subtlety has been displayed on both sides of this contest. But it must not be overlooked that the companies are engaged in an endeavor to circumvent well established principles of the law of agency, arising upon sound policy; and there is much justification for the determination of courts that these settled doctrines of the law shall not be contracted out of existence lightly.

One principle of the law of agency which insurers have steadily sought to avoid is that the knowledge of the agent is the knowledge of the principal. The general doctrine is that notice communicated to or knowledge acquired by the officers or agents of a corporation, when acting in their official capacity or within the scope of their agency, is notice to or knowledge of the corporation. It is said that there are but three exceptions—matters which the agent has forgotten entirely or may have forgotten under the circumstances of the case, matters which for special reasons he could not impart to his principal, and matters which the previous conduct of the agent or the fact that he is engaged in some fraud upon the principal make it certain that he will conceal. 4 Thompson, Corporations, sec.

5192. The application of this rule to insurance companies is well settled. *Fishbeck v. Phenix Ins. Co.*, 54 Cal. 422; *Miller v. Hartford Fire Ins. Co.*, 70 Ia. 704, 29 N. W. 411; *St. Paul Fire & Marine Ins. Co. v. Wells*, 89 Ill. 82; *Dick v. Equitable Fire & Marine Ins. Co.*, 92 Wis. 46, 65 N. W. 742; *Pelkington v. National Ins. Co.*, 55 Mo. 172; *Phœnix Ins. Co. v. Copeland*, 90 Ala. 386, 8 So. 48; *German Ins. Co. v. York*, 48 Kan. 488, 29 Pac. 586, 30 Am. St. Rep. 313; *Beebe v. Ohio Farmers' Ins. Co.*, 93 Mich. 514, 53 N. W. 818, 18 L. R. A. 481, 32 Am. St. Rep. 519; *Tarbell v. Vermont Mutual Fire Ins. Co.*, 63 Vt. 53, 22 Atl. 533; *Home Ins. Co. v. Gibson*, 72 Miss. 58, 17 So. 13. This court has repeatedly announced the same rule. *Hartford Fire Ins. Co. v. Landfare*, 63 Neb. 559; *Hunt v. State Ins. Co.*, 66 Neb. 121, 125, and cases cited. As the corporation can act only through its agents, it might well be a question how far it may contract that it shall not be bound by notice to and knowledge of such agents. It has been suggested that such a provision in a policy would, in effect, be a limitation of the power of the corporation itself. *Lamberton v. Connecticut Fire Ins. Co.*, 39 Minn. 129, 39 N. W. 76, 1 L. R. A. 222. However this may be, it will be observed that no such stipulation is to be found in the policy in the case at bar. The provision of the policy does not say that notice to the company's agents who are given power to accept risks shall not be notice to the company, but says only that conditions of the policy may not be waived otherwise than in a prescribed manner. It goes without saying that provisions for forfeiture are not favored. *Woodmen Accident Ass'n v. Pratt*,* 62 Neb. 673, 55 L. R. A. 291; *Connecticut Fire Ins. Co. v. Jeary*, 60 Neb. 338, 51 L. R. A. 698; *McMaster v. New York Life Ins. Co.*, 183 U. S. 25, 22 Sup. Ct. Rep. 10, 46 L. ed. 64. It has been the settled policy of the courts to construe these provisions against the insurer. Hence, so long as the language of the contract does not preclude the operation of the rule that notice to

* This case appears in the Northwestern Reporter and Lawyers' Reports Annotated as *Woodmen's Accident Ass'n v. Byers*.

the agent is notice to the company, the court will not give it such effect. It follows that the condition prohibiting the agent from waiving provisions of the policy otherwise than in the prescribed manner does not take away the duty of the company to take advantage of grounds entailing a forfeiture at the option of the company, when it is chargeable with notice thereof.

Although the policy is conditioned to be void in certain cases, it is well settled that this means voidable at the option of the company. The contract is not wholly void, but the insurer may, if it chooses, insist upon forfeiture under certain conditions. *Hunt v. State Ins. Co., supra,* and cases cited. This construction of the policy has been assailed as in conflict with the language employed and at variance with the authorities. But it is well sustained by judicial decisions elsewhere. *Hanover Fire Ins. Co. v. Dole,* 20 Ind. App. 333, 50 N. E. 772; *Kalmutz v. Northern Mutual Ins. Co.,* 186 Pa. St. 571, 40 Atl. 816; *Schmurr v. State Ins. Co.,* 30 Ore. 29, 46 Pac. 363; *Horton v. Home Ins. Co.,* 122 N. Car. 498, 29 S. E. 944, 65 Am. St. Rep. 717; *Stevenson v. Phœnix Ins. Co.,* 83 Ky. 7, 4 Am. St. Rep. 120; *Kingman v. Lancashire Ins. Co.,* 54 S. Car. 599, 32 S. E. 762; *Bouton v. American Mutual Life Ins. Co.,* 25 Conn. 542. The use of "void" in the sense of "voidable" is so common that we see nothing in the language of the policy to militate against such a construction, and it is in entire accord with the disinclination of courts toward forfeitures, and their desire to reach a just and equitable interpretation. It follows that if the company does not exercise its option to avoid the policy with knowledge of the circumstances giving it that power, and treats the policy as in force, the forfeiture is waived. This is a waiver by the company, not by the agent, and hence is not within the purview of the condition in question. It is said that such a construction of the provisions of the policy as to waiver deprives them of all force. We do not think this is true. An insured would have no standing in court if his case were that the local agent knew of the circumstances entailing a for-

feiture, and waived them, where the company, acting on the knowledge of the agent, insisted on a forfeiture. It is true that when a forfeiture is waived once it is waived for all time. But the company has limited the power of the agent to waive the forfeiture, and the attempt at waiver by him would not prevent timely action by the company. *German Ins. Co. v. Heiduk & Skibowski*, 30 Neb. 288, 27 Am. St. Rep. 402, applies to such cases. On the other hand, if the company, notwithstanding it is chargeable with notice of the circumstances entailing a forfeiture, treats the policy as in force and takes no advantage of such circumstances, an entirely different question is presented. *Hartford Fire Ins. Co. v. Landfare, supra.* Hence we think the rule as to the admissibility of parol evidence to vary the terms of a written contract has no application to this subject. There is no attempt to show by parol something which is foreclosed by the written agreement of the parties. The attempt is to show by parol that the company knew of the facts and circumstances which entitled it to enforce the provisions of the policy as to forfeiture or not, at its option, and that the company itself, not any particular agent, continued to treat the policy as in force, and declined to exercise such option. For these reasons we think the former adjudications of this court should be adhered to, and, in consequence, that the testimony objected to in the case at bar was admissable.

We come next to the instructions with reference to the claim of waiver. In some respects the wording of these instructions is a trifle extravagant. But the error, if any, in these respects, can not be said to be prejudicial, so long as the propositions of law announced are sound, and they are stated so as to leave no room for misunderstanding. We are unable to see how the company may take advantage of the provision as to nonpayment of premium in such cases as this. If the agent reports the policy issued and the premium paid, and the amount of the premium is charged to the agent in his accounts with the company, the latter has no ground of complaint because the agent was

willing to advance the premium and give personal credit to the insured. The condition in the policy does not apply to such cases. *Griffith v. New York Life Ins. Co.,* 101 Cal. 627, 36 Pac. 113, 40 Am. St. Rep. 96. But if the agent reported the policy issued, and the premium unpaid, and the company acquiesced, neglecting to insist upon the condition in the policy, it clearly waived such condition. *Slobodisky v. Phenix Ins. Co.,* 53 Neb. 816, and cases cited. Delivery of the policy as a subsisting contract of insurance from a certain date, and charging the insured on the basis of insurance from that date, was a waiver of the printed condition in the policy; and if the company, chargeable with what was known to its agent, acquiesced and treated the policy as in force, it could not afterwards deny liability. *Western Assurance Co. v. McAlpin,* 23 Ind. App. 220, 55 N. E. 119, 77 Am. St. Rep. 423. By so holding, we do not, as has been asserted, deprive the provision in the policy of all meaning. If due, the premium must be paid, or no risk attaches. If at the time fixed it is not paid, the agent can not waive the condition so as to prevent the company from insisting upon a forfeiture. But in such case it must take advantage thereof. It can not treat the policy as subsisting and when a loss occurs claim the forfeiture notwithstanding. Whether neglect to take any steps with reference to the policy, allowing the insured to rest in the belief that he is protected, would, of itself, amount to a waiver, we need not decide. In this case, at the appointed time, the money was paid to the agent, and in due course he accounted for it to the company. Receiving the premium after destruction of all the insured property, so that nothing remains to which insurance might attach, waives a provision that the insurer shall not be liable for a loss occurring before payment of the premium. *Johnston v. Phelps County Farmers' Mutual Ins. Co.,* 63 Neb. 21, 56 L. R. A. 127. It is true the money was sent back to the agent afterwards. But no one at any time paid or tendered it back to Mr. Shader. Something more than a mere return to the agent with instructions which have never

been executed was necessary. The company had the duty of seeing that the money was restored, or at least tendered. It was not Mr. Shader's duty to search for the representative of the company who might happen to have it. Cases where a person has assumed to act as agent without authority, such as *Turner v. Brooks,* 2 Tex. Civ. App. 451, are not in point. In this case the agent had a general authority to receive and collect premiums.

The other assignments of error require but brief notice. The evidence as to the amount of property destroyed is in sharp conflict. The chief of the fire department and several firemen gave testimony tending to show that little or nothing could have been lost. On the other hand, there is no little evidence from creditable witnesses to the contrary. It is contended on behalf of the plaintiff that the goods were so light, and so inflammable in character, that almost nothing remained when the firemen arrived, and that such a hypothesis accords with the evidence showing what was in the building shortly before the fire, with the testimony of a bystander as to what he saw when the fire broke out, and with evidence as to fragments found in the debris the next morning. While it must be confessed that the evidence is not entirely satisfactory, we can not say that the hypothesis suggested is entirely unreasonable, nor that the jury had no right to adopt it. The question was for them, and we have no authority to disturb it in such a case. With respect to the alleged misconduct, the trial court found against the defendant upon conflicting affidavits. We see no reason to disturb its ruling. *Sang v. Beers,* 20 Neb. 365; *Everton v. Esgate,* 24 Neb. 235. The instruction directing the jury to "do substantial justice" between the parties is not to be commended. But, taken as a whole, we do not consider it prejudicial error. After directing the jury to retire and choose a foreman, the court told them to determine upon a verdict "solely from the evidence in the case, applying the law as given in these instructions," and thereby "do substantial justice between the parties." Of course, it is for the law to determine what is

just, and the jurors are merely to say what are the facts to which the legal standards of justice are to be applied. Juries, as a rule, need no encouragement to take such a line as they think will lead to a just result. But here they were told to do so solely by means of the evidence and the rules of law laid down by the court. They can hardly have supposed they were at liberty to go out of the evidence, or go counter to the law as declared in the instructions, in the supposed interests of substantial justice.

We recommend that the judgment be affirmed.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

