THE CALEDONIA INSURANCNE COMPANY, A CORPORATION, *Plaintiff in Error*, v. J. FRANK SMITH AND CHAFFIN BANK, A CORPORATION, *Defendants in Error*.

Opinion Filed May 13, 1913.

A fire insurance policy was issued on three dwelling houses situated in a row and near together. It was proved in the policy that "this entire policy, unless otherwise provided by agreement endorsed hereon or added hereto shall be void .............. if a building herein described, whether intended for occupancy by owner of tenant, be or become vacant or unoccupied and so remain for ten days." The policy contains two endorsements for vacancy permits.—One from July 31st, 1912, for thirty days from date, and the other is a vacancy permit for thirty days from 31st August, 1912. The middle house was unoccupied and burned on the 6th day of October, 1912, destroying all of the three buildings: Held; that a vacancy of more than ten days previous to the first en-

dorsement of a vacancy permit of thirty days, can not either by itself, or in connection with the six days vacancy in October, 1912, avoid the policy, as the insurance company by endorsing the vacancy permits on the policy, waived the previous vacancy and continued the policy with the same binding force it originally possessed.

Writ of error to the Circuit Court of Escambia County.

Judgment affirmed.

*E. C. Maxwell,* for Plaintiff in Error;

*Reeves & Watson & Pasco,* for Defendants in Error.

HOCKER, J.—The defendants in error sued the plaintiff in error to recover the amount of a fire insurance policy on three one-story shingle roof frame dwelling-houses, each insured for $300.00. It appears from the pleadings that these dwelling-houses stood in a row a few feet apart—so close together that the burning of one would cause the burning of the others, and constituting but a single risk; that by the terms of the policy of insurance it was stipulated and agreed that the entire policy, unless otherwise provided by agreement endorsed thereon or added thereto, should be void if a building therein described whether intended for occupancy by the owner or tenant, should be or become vacant or unoccupied and so remain for ten days; that one of the buildings described in the policy and insured, to-wit, the middle building, became vacant during the pendency of said contract of insurance and during the vacancy was burned and the fire was communicated therefrom to the other buildings, whereby all of them were burned and destroyed.

There was a judgment below in favor of the defendants in error, which is here for review. The issues are so framed as to present here, first, the question of the liability of the plaintiff in error under the policy, and, second, if liable whether the policy is a divisible one. If the first proposition is decided against the Insurance Company, the second is eliminated.

The policy contains the following provision: "This en tire policy unless otherwise provided by agreement endorsed hereon or added hereto shall be void ................................. if a building herein described, whether intended for occupany by owner or tenant, be or become vacant or unoccupied and so remain for ten days." It has the following endorsements:

"Pensacola, Florida, July 31st, 1912.
Permission is hereby granted for the buildings insured hereunder to remain vacant for a period of thirty (30) days from this date.

To attach to and form a part of policy No. 1947222 of the Caledonian Fire Insurance Company of Scotland."
(Signed by Agents).

"Pensacola, Florida, August 31st, 1912.
Permission is hereby granted for the building insured hereunto to remain vacant for a period of thirty (30) days from this date.

To attach to and form a part of policy No. 1947222 of the Caledonian Insurance Company of Scotland."
(Signed by Agents).

The middle building caught on fire on the 6th day of October, 1912, which destroyed all of the three buildings. It is alleged by the Insurance Company, in its pleas, to which demurrers were sustained, that prior to the month

of July, 1912, the middle building became vacant during the pendency of the contract of insurance, and so remained continuously until the 6th of October, 1912, when the fire occurred, and it is insisted in argument here that because of this vacancy the policy became void, and the company is not liable. No authorities are cited by plaintiff in error. From such an examination of the law as we have been able to make it seems to us that such a provision against a vacancy when one occurs does not render a policy void but voidable. That principle is recognized in the Florida cases. See Tillis v. Liverpool & L. & G. Ins. Co., 46 Fla. 268, 35 South. Rep. 171; Eagle Fire Co. v. Lewallen, 56 Fla. 246, 47 South. Rep. 947.

It is said in German Ins. Co. of Freeport, Ill., v. Shader, 68 Neb. 1, 93 N. W. 972, 60 L. R. A. 918, "although the policy is conditional to be void in certain cases, it is well settled that this means voidable at the option of the company. The contract is not wholly void, but the insurer may if it chooses insist upon forfeiture under certain conditions (citing Hunt v. State Ins. Co., (Neb.), 92 N. W. Rep. 921 and cases cited). This construction of the policy has been assailed as in conflict with the language employed and at variance with the authorities. But it is well sustained by judicial decisions elsewhere (citing numerous authorities)."

In the case of Viele v. Germania Ins. Co., 26 Iowa, 9, 96 Am. Dec. 83, it is held that the forfeiture of a policy of insurance on account of the breach of the conditions thereof may be waived by the insurer, and if waived the policy continues of the *same binding force which it originally possessed.* A large number of authorities are cited to support this proposition. It is also held in the

same case, that "circumstances proving the insurer treated the contract as subsisting and not forfeited, a course of dealing consistent only with that hypothesis and acts and declarations whereby the other party was induced to believe that the condition was dispensed with or forfeiture waived, will be sufficient to preclude the setting up of the breaches of the condition as a defense to the contract of the party bound thereby (citing many authorities)." See 3 Joyce on Insurance, Secs. 2230, 2231.

Applying the foregoing principles of construction it seems to us that the giving of the two vacancy permits of July 31st, and August 31st, 1912, was a complete waiver of any forfeiture of the policy by reason of previous vacancy of one of the buildings insured, and that gave the policy "the same binding force which it originally possessed." That was the condition of the policy on the 1st of October, 1912. It was as though there had been no previous vacancy. Subsequently under the terms of the policy there might be a vacancy of less than ten days which would not defeat the policy. We said in L'Engle v. Scottish Union & National Fire Ins. Co., 48 Fla. 82, text 92, 37 South. Rep. 462, "where two interpretations equally fair may be given, that which gives the greater indemnity will prevail. ............................ In all cases the policy must be liberally construed in favor of the insured so as not to defeat without a plain necessity his claim to the indemnity, which in making the insurance it was his object to secure. When the words are without violence susceptible of two interpretations, that which will sustain the claim of the insured and cover his loss, must in preference be adopted." This principle is applicable in determining whether the ten days' vacancy period permitted by the policy is wiped out in whole or part by

28—Vol. 65

the vacancy permitted by the endorsements on the policy. We do not think it was.

The judgment below is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, AND WHITFIELD, J. J., concur.

COCKRELL, J., dissents.