## SPRINGFIELD FIRE & MARINE INS. CO. v. BROWN. (No. 749.)

Court of Civil Appeals of Texas. Waco.
Jan. 31, 1929.

Rehearing Denied Feb. 28, 1929.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.

J. K. Russell and J. M. Moore, both of Cleburne, for defendant in error.

BARCUS, J. Defendant in error filed this suit to recover $800, the face value of a fire insurance policy which had been issued to him by plaintiff in error, hereinafter called insurance company, on a house in Cleburne, Tex. The policy was a one-year policy, issued October 16, 1926. It was agreed by the parties in the trial court that the policy had been issued, the house burned, and that same was a total loss, and that the house was vacant from the time the policy was issued until it burned on January 19, 1927. The only defense urged by the insurance company was that the policy was void and unenforceable because of the provision contained therein to the effect that it would be void if the property was or should become vacant or unoccupied and so remained for ten days. In reply to said contention defendant in error alleged that said provision of the policy had been waived by the insurance company, and that its right to plead said vacancy as a defense against said policy had been waived, because its agent knew at the time the policy was issued that said building was vacant, and had actual knowledge at all times that said property continued to be vacant; and with full knowledge of said fact did on December 20th, in consideration of 80 cents paid to its agent, issue a permit providing that said property might remain vacant, or unoccupied for 30 days from said date, and that said fire occurred within said 30-day period.

The cause was tried to a jury and submitted upon the following issue: "Did the defendant, after having obtained knowledge of the fact that the property insured in this case had been vacant for more than ten days, waive its right to claim a forfeiture of such policy because of such vacancy?" Which the jury answered "Yes." Neither party requested any other or further instructions, except the insurance company requested the court to give a peremptory instruction.

The insurance company contends that the trial court committed error in refusing to give its peremptory instruction, by reason of the undisputed fact that the house had been vacant for more than ten days prior to the time the vacancy permit was issued on December 20th; its contention being that said vacancy vitiated the policy in its entirety, and that same was absolutely void. Our courts hold that, where a policy provides it shall be void if the property remains vacant for more than ten days, a vacancy does have the effect of canceling the policy, unless said provision has been waived by the insurance company, or unless some act has been done by it in respect thereto which estops it from claiming a cancellation of the policy by reason thereof. Liverpool & London Globe Ins. Co. v. Baker (Tex. Civ. App.) 198 S. W. 632; National Union Fire Insurance Co. v. Richards (Tex. Civ. App.) 278 S. W. 488, and authorities there cited. Defendant in error recognizes this rule, but insists that the insurance company, by having issued the vacancy permit with knowledge of the fact that the building had been vacant for more than ten days, thereby recognized the policy as being in full force and effect, and thereby waived its right to insist upon a cancellation of said policy by reason of the prior vacancy. The record shows without dispute that the agent of the insurance company knew at the time he issued the policy that the house was vacant, and knew that it had been vacant more than ten days at the time he issued the vacancy permit on December 20th. Defendant in error went to the agent of the insurance company on December 20th, and told said agent that the house was vacant and that he feared during the holiday sea-

son it might burn, and, in order to protect himself, he desired a vacancy permit. The agent of the company, with full knowledge of the fact that the property had been vacant for more than ten days, agreed to and did, in consideration of the payment of 80 cents therefor, issue a vacancy permit, and attached same to the policy, and thereby, on the part of and for the insurance company, agreed that the property might be and could remain vacant for a 30-day period from said date.

The law seems to be well settled that an insurance company can by its acts waive its right to insist on the cancellation or forfeiture of a policy by reason of any of the provisions contained therein. The question as to whether the issuance of a vacancy permit after a dwelling has been vacant for more than ten days, with knowledge on the part of the agent of the insurance company, waives the right of the company to declare said policy void by reason thereof, has not been, so far as we have found, directly determined in this state. This identical question, however, was before the Supreme Court of Colorado and the Supreme Court of Florida, and each of said courts held that as a matter of law such action was a waiver of whatever rights the company might have had under the vacancy clause to declare the policy void. National Mutual Fire Ins. Co. v. Duncan, 44 Colo. 472, 98 P. 634, 20 L. R. A. (N. S.) 340; Caledonian Insurance Co. v. Smith, 65 Fla. 429, 62 So. 595, 47 L. R. A. (N. S.) 619. To the same effect is the holding in Ohio Farmers' Ins. Co. v. Burget, 65 Ohio St. 119, 61 N. E. 712, 55 L. R. A. 825, 87 Am. St. Rep. 596. 5 Cooley's Briefs on Insurance, p. 4272, lays down the rule that "If an insurance company, with knowledge of facts vitiating a policy, enters into negotiations or transactions with the insured by which the company recognizes or treats the policy as still in force, or by its acts, declarations or dealings, leads the insured to regard himself as protected by the policy, it will operate as a waiver of the forfeiture and estop the company from relying thereon as a defense to an action on the policy," and in support of said proposition cites authorities from many states in the Union. Among other authorities cited is Austin Fire Insurance Co. v. Polemanakos (Tex. Com. App.) 207 S. W. 922, in which opinion the court uses this language:

"Whenever there arises a condition or state of facts under which the insurance company has the right, on account of any failure of the insured to comply with any condition or warranty contained in the policy, to forfeit the same, that the doing of any act inconsistent with the claim of forfeiture, or any recognition of the fact that the policy is still in existence, will ordinarily waive such forfeiture, provided the insurance company has knowledge of the facts authorizing the forfeiture. This principle is so well established that no authorities are necessary."

Again, in the same volume of Cooley's Briefs, p. 4282, the proposition is stated that "If an insurer, with knowledge of facts forfeiting a policy, recognizes its validity by indorsements thereon, it thereby waives the forfeiture and the insurer will be liable on the contract," and in support thereof states, beginning at the bottom of page 4285: "Any rights of the insurer under a clause of its policy that it, unless continued by its consent, shall become void for vacancy for five days without permit, are of course waived as to such a vacancy where it, with full knowledge thereof, issues a permit for further vacancy."

In St. Paul Fire & Marine Insurance Co. v. Kitchen (Tex. Com. App.) 271 S. W. 893, the court held that, where an insurance company issued a policy with full knowledge of the real owner, it was estopped from claiming, after the fire had occurred, that the correct information as to ownership was not embraced in said policy; and, in passing on said question, the court copied with approval from Wood on Insurance the following language: "The insurer is estopped from setting up the breach of any condition of the policy, when, at the time of its issue, it knew that the condition was inconsistent with the facts, and the assured has been guilty of no fraud."

It further quoted from May on Insurance as follows: "To deliver a policy with full knowledge of facts upon which its validity may be disputed, and then to insist upon these facts as ground of avoidance, is to attempt a fraud. This the courts will neither aid nor presume; and when the alternative is to find this, or to find that, in accordance with honesty and fair dealing, there was an intent to waive the known ground of avoidance, they will choose the latter."

In the instant case, the agent of the insurance company, with full knowledge of all the facts, issued, for an additional charge, which was paid, a permit to allow the building to remain vacant for 30 days from the 20th day of December, clearly thereby recognizing the validity of the insurance contract, and unquestionably waiving the right of the company to declare the policy void by reason of the prior vacancy of said building. The courts should not presume that the insurance company would issue a vacancy permit or accept a premium on a void insurance policy. The company should not be heard to say that it accepted pay for, and delivered what it knew at the time to be, a permit for vacancy on a policy that it considered invalid. Western Assurance Co. v. Hillyer-Deutsch-Jarratt Co. (Tex. Civ. App.) 167 S. W. 816. We think clearly, as a matter of law, under the undisputed facts in this case, the insurance company waived its right to

declare said policy void by reason of the fact that it had been vacant for more than 10 days prior to the time it issued its vacancy permit.

If it could be said that defendant in error was not as a matter of law entitled to recover on the policy, the jury having found in response to the issues submitted that the insurance company had waived its right to declare the policy void by reason of the prior vacancy of said property, which findings are abundantly supported by the testimony, the trial court was authorized to enter a judgment for defendant in error.

The insurance company complains of the action of the trial court in allowing interest on the judgment from 60 days after the fire instead of 60 days after proof of loss was furnished. We sustain this assignment. This question was directly involved in the case of Fire Association of Philadelphia v. Strayhorn, 211 S. W. 447, in which the Supreme Court held that, where the policy, as in this instance, provided that same was payable 60 days after proof of loss, interest should not begin to run until said time. It appears from the record that proof of loss was furnished on July 25, 1927, and interest should begin to run 60 days from said date. The judgment of the trial court is reformed to the extent that interest at 6 per cent. on the $800 judgment shall begin to run from September 24, 1927.

All other assignments of error and propositions of the insurance company are overruled, and the judgment of the trial court as reformed is affirmed. The costs of appeal are taxed against appellee.