CASE 53—PETITION ORDINARY—MARCH 25.

# Burner's Administrator v. German-American Insurance Co.

*APPEAL FROM HENDERSON CIRCUIT COURT.*

1. FIRE INSURANCE—DWELLING HOUSE.—A house described in a policy of fire insurance as one occupied as a boarding house, is a dwelling within the meaning of a policy, declaring the same to be void, if the building insured was intended for occupancy and remained unoccupied for ten days.

2. VACANCY.—A house is vacant within the meaning of a fire insurance policy which is merely left under the supervision and control of parties living in the same inclosure.

3. WAIVER OF FORFEITURE.—The acceptance after the loss of the property by fire of the premium by the company is not a waiver of the forfeiture, part of the premium having been earned before the forfeiture.

4. VACANCY PERMIT.—A vacancy permit granted for thirty days by an indorsement on the policy expired at the expiration of that time, although it was orally agreed by the agent at the time, that a further extension would be granted if desired, no request having been made for such extension.

W. P. McCLAIN AND YEAMAN & LOCKETT FOR APPELLANT.

1. Ordinarily vacancy is not such an increase of risk as will avoid a policy without express agreement to that effect, and the company having expressly waived the stipulation as to vacancy for a time, the subsequent vacancy after the expiration of that time was not such an increase of risk as will avoid the policy. (May on Insurance, vol. 1, sec. 249 B.)   And as the company gave a vacancy permit for thirty days and agreed to give further time, it will not be relieved of its liability, merely because the property was not occupied when it burned, the declaration that further time would be granted on application being calculated to throw the insured off his guard.   May on Insurance, sec. 249 H. and

vol. 2, sec. 502; Dupuy v. Delaware Insurance Co., 63 Federal Reporter, 680.

2. The object of requiring the building to be occupied was to have it looked after and protected, and that was just as effectually done by the employment of one living near it and in the same inclosure, as if it had been actually occupied. May on Insurance, vol. 1, sec. 248.

MONTGOMERY MERRITT for appellee.

1. The vacancy clauses in fire insurance policies have been uniformly enforced by the courts. Ostrander on Fire Insurance, page 328.

2. A house which is being frequently visited, and aired, and occasionally 'ept in is not occupied within the meaning of a fire insurance policy. Ostrander on Fire Insurance, page 29; 10 Am. State Reports, 77.

3. The waiver by the company of the vacancy clause for a definite period should be strictly construed, and never extends beyond the period mentioned. Ostrander on Fire Insurance, page 332; Robinson v. Aetna Insurance Company, 18 Ky. Law Rep., 865.

4. The collection, after the fire, of the premium by the company, which had accrued before the forfeiture, did not waive the forfeiture. Ostrander on Fire Insurance, pages 234 and 238; Blackley v. Continental Insurance Co., 83 Ky., 579.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

This action was brought by appellant in the Henderson Circuit Court on a policy of fire insurance. The answer admits the policy and the loss, but denies liability by reason of a forfeiture caused by the insured premises remaining vacant for more than ten days, and being vacant at the time of the fire.

By a reply appellant denied the forfeiture, while admitting that the premises were not absolutely occupied at the time of the fire, yet appellant claims that it was under the supervision and control of a party living within

the same inclosure, who had the building in charge for the purposes of care and supervision.

Appellant also pleads that the condition for forfeiture, as stipulated in the policy, was waived by the appellee, by (1st) accepting the premiums on the policy after the loss, (2d) by express stipulation on the policy that the property might remain vacant for thirty days.

To this reply the court sustained a demurrer and appellant failing to plead further, judgment was rendered for appellee, dismissing the petition, and from that judgment this appeal is prosecuted.

The policy of insurance was on a two-story brick residence and was dated September 5, 1895, and for one year, to September 5, 1896, and was for $2,000, and contained this provision:

"This entire policy, unless otherwise provided by agreement indorsed hereon and added hereto, shall be void. . . . if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days."

There is this endorsement on the policy, "Permission granted for the building herein insured to remain vacant for thirty days from date without prejudice to the insurance, April 1, 1896.          Starr & Thompson, Agents."

It is averred without denial that the building was destroyed by fire May 14, 1896.

The reply was amended, but the court refused to permit it to be filed. This amendment contains this averment, "says that the general agent of the defendant at the time he granted the thirty days' permit for the prop-

erty insured to remain vacant, informed the plaintiff that at the expiration of said thirty days a further extension would be granted if desired."

This amendment is properly in the record as part of the bill of exceptions.

In Robinson, &c., v. Aetna Ins. Co., 18 Ky. Law Rep., 865, the vacancy clause in a fire insurance policy was held to be binding and to create a forfeiture.     Indeed, this clause of the insurance policy has been held without exception, so far as we know, to be valid and a binding condition of the contract, and when the facts are clearly shown as therein provided, the courts declare a forfeiture. (Speagle v. Ins. Co., 17 Ky. Law Rep., 610; Ostrander on Fire Ins., chapter VIII; May on Ins., section 249; Joyce on Ins., section 2225.)

It is claimed by the appellant that this property was not vacant or unoccupied, because the house was in charge of a person living in the same enclosure.   The authorities all agree that occupancy in reference to a dwelling means actual use of the premises by human beings as their customary place of abode.   (May, Ins., 249a; Joyce on Ins., 2225.)   While this building is not described as a dwelling, it is to be occupied as a female boarding house, which is in effect a dwelling, it necessarily implies that persons shall live in the building.   We are of opinion that the allegation of the reply as to the supervision and control by parties in the same enclosure is not an allegation of occupancy.   The facts stated in the reply admit that the premises were unoccupied within the meaning of the contract of insurance.

It is claimed that the forfeiture, by reason of non-occupancy, was waived by the insurer by accepting the premium due, after the loss. The policy stipulates that the premium for the year was $20, and the necessary import of the language is that it was paid in advance. However, if the agent indulged the insured for the premium till after the loss, and then collected it, we do not see how this could be held a waiver of forfeiture. Appellant's property was insured up till May 1, 1896, and the insurer earned some of the premiums; that it accepted that, after the loss, will not be held to waive the forfeiture.

It is claimed that the forfeiture, by reason of vacancy or non-occupancy, was waived by the company by the written endorsement on the policy of a thirty-days' permit dated April 1, 1896. To give appellant the benefit of all doubt as to that vacancy permit, we might say it was a permission for thirty days' vacancy in addition to the ten allowed by the face of the policy, and then it would only reach to May 10th, and the house burned four days afterward. But it is said that at the time of this permit endorsement the general agent agreed to give a further extension if desired. This permit expired by its terms May 1st, and there is no allegation of any request of a further extension. That appellant might have obtained this further extension at any time within the fourteen days before the fire, can not avail now.

We are referred by counsel for appellant to the case of Dupuy v. Ins. Co., 63 Federal Rep., 680, as sustaining his view of the waiver. That case is unlike the case at

bar.   There the agent of the insurer agreed to extend the builder's permit for thirty days, and at the end of this time to again extend it thirty days, and so on at the end of every thirty days till the work was completed or until notified otherwise, and the court held this was a waiver where the premises burned before completion and without notice not to extend.   In the case at bar the allegation is that the extension was for thirty days and would be renewed if desired.   This left something for the insured to do to have further extension; it was not done.

In the Dupuy case the insured was to do nothing to continue the extension, but was only to act to stop the extension—a very material difference it seems to us.

We are of opinion that the demurrer to the reply was properly sustained.

Finding no error, the judgment is affirmed.