LOLA M. HUNT v. STATE INSURANCE COMPANY OF DES MOINES, IOWA.*

FILED JANUARY 8, 1902.   No. 10,932.

Commissioner's opinion, Department No. 3.

Insurance: WAIVER OF TERMS OF POLICY BY AGENT. A provision in a policy of insurance that no officer or agent shall be held to have waived any of its terms or conditions unless such waiver shall be indorsed thereon in writing, is a limitation on the authority of a local agent of the company, and an attempted waiver, in violation of such provision, is not binding on the insurer.

* Rehearing allowed. See opinion, page 125, *post.*

ERROR from the district court for Dakota county. Suit on fire insurance policy. Tried below before KINKAID, J. *Affirmed.*

*M. C. Jay* and *William P. Warner,* for plaintiff in error:

An agent of an insurance company may orally waive the terms of a policy of insurance notwithstanding the fact that the policy contains a clause prohibiting such waiver unless it is indorsed on the policy in writing. *Westchester Fire Ins. Co. v. Earle,* 33 Mich., 143; *Eclectic Life Ins. Co. v. Fahrenkrug,* 68 Ill., 463; *Young v. Hartford Fire Ins. Co.,* 45 Ia., 377; *McGurk v. Metropolitan Life Ins. Co.,** 16 Atl. Rep. [Conn.], 263; *Bartlett v. Fireman's Fund Ins. Co.,* 41 N. W. Rep. [Ia.], 601; *American Ins. Co. v. Gallatin,* 48 Wis., 36; *Warner v. Peoria Marine & Fire Ins. Co.,* 14 Wis., 345; *Roberts v. Continental Ins. Co.,* 41 Wis., 321; *Gans v. St. Paul Fire & Marine Ins. Co.,* 43 Wis., 108; *German Ins. Co. v. Gray,* 43 Kan., 497; *Phenix Ins. Co. v. Munger,* 49 Kan., 178; *Liverpool & London & Globe Ins. Co. v. Ende,* 65 Tex., 118; *Planters' Mutual Ins. Co. v. Lyons,* 38 Tex., 253; Wood, Fire Insurance, secs. 89, 90; *Home Mutual Fire Ins. Co. v. Garfield,* 60 Ill., 124; *Hadley v. New Hampshire Fire Ins. Co.,* 55 N. H., 110; *Richmond v. Niagara Fire Ins. Co.,* 79 N. Y., at page 239; *St. Paul Fire & Marine Ins. Co. v. Wells,* 89 Ill., 82; *Fishbeck v. Phenix Ins. Co.,* 54 Cal., 422; *Horwitz v. Equitable Mutual Ins. Co.,* 40 Mo., 557; May, Insurance [4th ed.], secs. 129, 369, 370; *Farmers' Mutual Ins. Co. v. Taylor,* 73 Pa. St., 342.†

Knowledge of the agent is knowledge of the company. *Home Fire Ins. Co. v. Kuhlman,* 58 Nebr., 488; *Viele v. Germania Ins. Co.,* 26 Ia., 9; *Farmers & Merchants' Ins. Co. v. Newman,* 58 Nebr., 504; *Phenix Ins. Co. of Brooklyn v. Holcombe,* 57 Nebr., 622; *German-American Ins. Co. v. Hart,* 43 Nebr., 441; *Eagle Fire Co. of New York v. Globe Loan & Trust Co.,* 44 Nebr., 380; *German Ins. Co. v. Hei-*

---

* Wherein are raised the questions of undisclosed principal and oral extension by agent of time for paying premium.—W. F. B.

† Many of these authorities bear on the power of an agent to waive a forfeiture.—W. F. B.

*duk,* 30 Nebr., 288; *Home Fire Ins. Co. v. Bernstein,* 55 Nebr., 260; *Gans v. St. Paul Fire & Marine Ins. Co.,* 43 Wis., 108; *Slobodisky v. Phenix Ins. Co.,* 52 Nebr., 395.

*C. J. Garlow, contra:*

There could be no waiver by the agent unless indorsed on the policy in writing.* *Moore v. Phœnix Ins. Co.,*† 62 N. H., 240; *Burner's Adm'r v. German-American Ins. Co.,* 27 Ins. L. J., 732; *Wilkins v. State Ins. Co.,* 45 N. W. Rep. [Minn.], 1; *Knudson v. Hekla Fire Ins. Co.,* 43 N. W. Rep. [Wis.], 954; *Carcy v. German-American Ins. Co.,* 54 N. W. Rep. [Wis.], 18; *Burlington Ins. Co. v. Gibbons,* 19 Ins. L. J., 546; *Fehse v. Council Bluffs Ins. Co.,* 18 Ins. L. J. [Ia.], 319; *Weidert v. State Ins. Co.,* 19 Ins. L. J. [Ore.], 740; *Dennison v. Phœnix Ins. Co.,* 3 N. W. Rep. [Ia.], 500; *Robinson v. Ætna Ins. Co.,* 26 Ins. L. J. [Ky.], 823.

ALBERT, C.

This action was brought on a policy of insurance against loss by fire to recover for the loss of a building thereby insured. The policy contains, among other provisions, the following: "If there is any change in the occupant or occupancy of the premises insured, or if the buildings insured, or either of them, become vacant, * * * this policy shall be void." The defendant, among other defenses, pleaded a breach of the foregoing provision. The plaintiff in her reply admitted the breach, but in avoidance thereof alleged a waiver. At the conclusion of the testimony the court directed a verdict for the defendant, and entered judgment accordingly. The plaintiff brings the case here on error.

The principal contention arises over the effect to be given to one of the conditions of the policy, which reads

---

* Several of these cases relate to vacancy clauses in fire-policies. —W. F. B.

† This case decides adversely to insured the question of the revival of a policy containing a vacancy clause by the subsequent occupation of the building.—W. F. B.

as follows: "No officer, agent, or representative of this company shall be held to have waived any of the terms or conditions of this policy, unless such waiver shall be indorsed hereon in writing." It is not claimed by the plaintiff that the provision against a change in the occupancy of the building was, in writing, indorsed on the policy. The waiver relied upon was by the local agent who had charge of the recording agency of the defendant in the place in which the insured property was situated. The defendant insists that by the provisions of the policy such agent had no authority to waive any of the conditions of the policy, which had been made for the benefit of the defendant. There is some conflict of authority on the question whether, in the face of the provision quoted, an agent had authority to waive any of the conditions of the policy, except in the manner specified in the contract. In this state, however, the question is set at rest in *German Ins. Co. v. Heiduk,* 30 Nebr., 288, in which it is held that such provision is a direct limitation on the authority of the agent to bind the company. We recognize the soundness of the principle that no matter how skillfully a contract may be drawn, which seeks to place a limitation upon the parties thereto to change it, except in a specific manner, yet such parties, in the exercise of the power that enabled them to frame such contract, may set such provision at naught. But that principle has no application where the object of the provision is, not to limit the power of the parties to the contract, but that of their local agents and representatives. That a principal may place a limitation on the authority of his agent, or officer, not having general powers, is elementary. That persons dealing with agents, whatever the scope of their ostensible authority, with a knowledge of such limitation, are bound by it, is equally well settled. In this case the provision of the policy was not an attempt to limit the power of the parties to the contract, or either of them, to waive one or more of its provisions, but was intended simply to set a limitation on the authority of the class of agents mentioned, as distin-

guished from the company itself, acting through its duly empowered general officers or agents, to bind it by such waiver. It was a part of the policy; hence the plaintiff is charged with notice of it. The object of such provision we need not inquire, because it seems to us sufficient to know that the parties saw fit to incorporate it into the writing which they mutually agreed upon as the evidence of the propositions upon which their minds finally met. We deem it a safe rule to give effect, so far as possible, to the intention of the parties to the contract, so far as the same may be ascertained from the language in which they have seen fit to express themselves. In our opinion, the breach of one of the provisions of the policy having been admitted by the reply, and the only waiver relied on being that of an agent of the company, made in direct opposition to the express provisions of the policy limiting his authority in that behalf, there was no error in directing a verdict for the defendant. That the alleged waiver was not express, but is to be implied from the words and acts of the agent, does not strengthen plaintiff's position. In this view of the case it is not necessary to discuss other questions raised in the argument.

We recommend that the judgment of the district court be affirmed.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on rehearing was filed on October 22, 1902. *Judgment of district court reversed:*

Commissioner's opinion, Department No. 2.

1. **Insurance Policy:** CHANGE OF OCCUPANCY: VACANCY: BREACH OF CONDITION: FORFEITURE: OPTION. Breach of a condition in an insurance policy against vacancy or change of occupancy, does

not of itself avoid the policy, but merely affords ground of forfeiture at the option of the insurer.

2. ———: ———: ———: ———: ———: ———: KNOWLEDGE OF FACTS: TREATING POLICY AS IN FORCE: WAIVER. If with knowledge of the facts by reason whereof it is entitled to claim a forfeiture, the insurer continues to treat the policy as in force, or does any act inconsistent with an intention to insist upon the forfeiture, the forfeiture is waived.

3. **Notice to Local Agent.** Notice of facts entailing a forfeiture to the local agent of the insurer, who has authority to issue policies, is notice to the insurer.

4. **Limited.** *German Ins. Co. v. Heiduk*, 30 Nebr., 288, limited.

5. **Removal of Tenant**: LOSS: VACANCY: TEMPORARY CESSATION OF OCCUPANCY: QUESTION OF FACT. Where a tenant has removed from the insured premises and a loss occurs the same day, within a few hours, whether there was a vacancy, or a mere temporary cessation of occupancy until the tenant could fully remove his effects and some one else could be put in, is a question for the jury.

POUND, C.

The policy sued on in this case contains the following condition: "If there is any change in the occupant or occupancy of the premises insured, or if the buildings insured, or either of them, become vacant, * * * this policy shall be void." There is a further proviso that "no officer, agent or representative of this company shall be held to have waived any of the terms or conditions of this policy, unless such waiver shall be indorsed hereon in writing." The defendant, relying upon these provisions of the policy, pleads three grounds of forfeiture: That the property was insured as a dwelling-house, occupied and to be occupied by the owner as a residence, and did not continue so to be occupied, but there was a change of occupancy from the owner to a tenant; that the property remained vacant for some ten days at the time of the change of occupancy; and that it was again vacant at the time of the fire. These violations of the conditions of the policy are alleged to have taken place without the consent of the defendant indorsed upon the policy, as required by its

terms, and to have rendered it void. At the trial the evidence tended to show that the local recording agent of the defendant had full notice and knowledge of the change of occupants and of the vacancy at the time of such change, long prior to the loss, and that after he had such notice the defendant treated the policy as in force by indorsing a mortgage clause thereon. With respect to the alleged vacancy at the time of the loss, the evidence showed that the tenant in possession of the premises had been ordered to move, and had moved out the day of the loss; the fire occurring at night not many hours thereafter. There was some dispute as to whether the tenant's goods had been entirely removed. The trial court directed a verdict for the defendant upon the ground of the change of occupancy without written consent of the company. It is clear that the instruction directing a verdict can not be sustained upon the ground on which it purports to be based. The policy did not become void when the conditions in question were broken. The breach of the conditions merely afforded ground for forfeiture, at the option of the insurer. *Hughes v. Insurance Co. of North America*, 40 Nebr., 626; *Rochester Loan & Banking Co. v. Liberty Ins. Co.*, 44 Nebr., 537; *Home Fire Ins. Co. v. Kuhlman*, 58 Nebr., 488. If the insurer, with knowledge of the facts by reason whereof it is entitled to insist upon forfeiture, continues to recognize the policy as in force, or does any act inconsistent with insistence upon the forfeiture, the forfeiture is waived, and may not be relied upon thereafter. *Slobodisky v. Phenix Ins. Co.*, 52 Nebr., 395; *Phenix Ins. Co. v. Holcombe*, 57 Nebr., 622; *Home Fire Ins. Co. v. Kuhlman, supra.* Notice to the local agent, who has authority to issue policies, is in such cases notice to the insurer. *Eagle Fire Co. v. Globe Loan & Trust Co.*, 44 Nebr., 380; *Home Fire Ins. Co. v. Bernstein*, 55 Nebr., 260. Hence it is manifest that, if plaintiff's evidence is credited, the company itself had waived any forfeiture it might have been entitled to declare by reason of the change of occupants or the vacancy at the time of such change.

There is authority for holding that suffering the policy to stand some eleven months after notice of the facts entailing forfeiture, without any attempt to take advantage of them, would of itself amount to waiver. *Billings v. German Ins. Co.*, 34 Nebr., 502; *Slobodisky v. Phenix Ins. Co.*, 52 Nebr., 395; *Phenix Ins. Co. v. Holcombe*, 57 Nebr., 622; *Home Fire Ins. Co. v. Kuhlman*, 58 Nebr., 488. At any rate, the indorsement of the mortgage clause upon the policy was inconsistent with reliance upon a forfeiture, and can only be construed as a waiver. We do not think the provision limiting the authority of the local agent as to waiver or alteration of the terms of the policy has any application to such a case as this. It is not claimed that the local agent waived anything. The insurer itself had the election to insist upon the forfeiture provided for or not, as it might choose, and, if plaintiff's witnesses are believed, it knew of the facts and chose not to do so. In *German Ins. Co. v. Heiduk*, 30 Nebr., 288, relied upon by counsel, the local agent attempted to waive a condition against other insurance. There was no recognition of the policy after notice of breach as in the case at bar, and the cases differ in that respect. Moreover, the scope of *German Ins. Co. v. Heiduk* has been limited very materially by the later decisions above referred to. *Hartford Fire Ins. Co. v. Landfare*, 63 Nebr., 559.

It is contended that a verdict was directed properly because the property was vacant at the time of the fire, contrary to the conditions of the policy. But there was some dispute as to whether the tenant had removed all his effects; and whether, under the circumstances, there was a vacancy, or a mere temporary cessation of occupancy until the tenant was fully removed and some one else could be put in, was a question for the jury. *German-American Ins. Co. v. Buckstaff*, 38 Nebr., 135; *Liverpool & London & Globe Ins. Co. v. Buckstaff,** 38 Nebr., 146; *Omaha Fire Ins. Co. v. Sinnott*, 54 Nebr., 522.

*41 Am. St. Rep., 724.

We recommend that the judgment be reversed and the cause remanded for a new trial.

OLDHAM, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the former judgment of this court herein is vacated, the judgment of the district court is reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.

NOTE.—*Fire Insurance.—Dwelling-House.—Occupancy.* Occupancy in reference to a dwelling-house, means actual use of the premises by human beings as their customary place of abode. *Burner v. German-American Ins. Co.*, 27 Ins. L. J., 732, 733, 103 Ky., 370, 373; Joyce, Insurance, 2225; May, Insurance, 249a.—W. F. B.