LOLA M. HUNT, APPELLEE, V. STATE INSURANCE COMPANY, APPELLANT.

FILED NOVEMBER 9, 1907. No. 14,953.

1. Second Appeal: LAW OF CASE. The rules previously announced in this case (*Hunt v. State Ins. Co.*, 66 Neb. 125) *held* decisive of the questions now at issue.

2. Insurance: AGENTS. A local agent of the defendant insurance company procured a certificate of authority from the state auditor before the policy in suit was issued, and was holding such certificate at the time the policy was issued, but failed to procure a renewal certificate of authority in subsequent years, but continued to act as the agent of the defendant company, and the company recognized him as their agent and accepted all business coming through his agency, and never canceled his contract of agency. *Held*, That the company is bound by his acts and conduct in dealing with policy holders.

APPEAL from the district court for Dakota county: GUY T. GRAVES, JUDGE. *Affirmed.*

*R. E. Evans* and *C. J. Garlow*, for appellant.

*T. F. Bevington* and *William P. Warner, contra.*

EPPERSON, C.

On a former hearing this case was remanded to the district court for a new trial. *Hunt v. State Ins. Co.*, 66 Neb. 125. A trial was had, resulting in a judgment for the plaintiff. Defendant appeals.

6

It is again urged that the policy of fire insurance sued on was rendered void by reason of a change in the occupancy of the dwelling house insured. The evidence now before us relative to the agent's knowledge of the change in the occupancy of the premises in controversy is the same as that given at the former trial, and this question was disposed of adversely to the contention of defendant when the case was before the court on rehearing. Reasons for the conclusion reached may be found in the opinion of Mr. Commissioner POUND, and need not be repeated here.

But defendant now contends that the alleged local agent was not the defendant's agent when the occupancy was changed, and therefore notice to him was not sufficient to bind the defendant. The evidence shows that the auditor of this state did not issue a certificate to the said agent, authorizing him to act as such, subsequent to the year 1891, as provided by statute. The evidence shows that the alleged agent issued the policy to the plaintiff in 1891, and continued soliciting business for the company until after the plaintiff's loss, sending in notices of changes in the policies issued by him as agent, including one indorsement upon the policy in question. We find, moreover, the deposition of one of the officers of the defendant company in which he says that the agency in controversy continued from its inception (long prior to the date of plaintiff's policy) until the agent removed from the state, which was after the loss complained of. Defendant recognized him as its agent and received the benefits of his efforts in soliciting insurance. He was a recording agent authorized to issue policies and collect premiums. It is bound by his acts and conduct to the same extent that it would be had he procured a certificate from the auditor for each of the years he was so acting.

In 1893 plaintiff leased the premises to one Shook, and requested the occupant, Anderson, to vacate. On August 23 Anderson was engaged until about 9 o'clock P. M. in removing his effects. The house burned a few hours later. Shook was to take possession as soon as the house was

vacated. Defendant contends that the house was vacant when it burned, and thereby the policy was rendered void by an express provision to that effect. Anderson and his wife were the only witnesses who knew what, if any, of their effects remained in the house and were burned. At most, it appears that only a few articles were in or about the house, and these he intended to remove the next morning. Their testimony was not given at the last trial, but the testimony they gave at the former trial was read in evidence. Therefore the same evidence in regard to their removal from the premises was before this court when Mr. Commissioner POUND said: "But there was some dispute as to whether the tenant had removed all his effects; and whether, under the circumstances, there was a vacancy, or a mere temporary cessation of occupancy until the tenant was fully removed and some one else could be put in, was a question for the jury." *Hunt v. State Ins. Co., supra.* The rules announced in the opinion referred to became the law of the case, and we see no reason for departing therefrom. The question was submitted to the jury as this court previously held it should be.

Many errors are assigned which we need not discuss. We have carefully examined the record with reference to the assignments and find no prejudicial error.

We therefore recommend that the judgment of the district court be affirmed.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

                                        AFFIRMED.