SOLOMON DAVISON, APPELLEE, v. GEORGE A. LAND, APPELLANT.

FILED APRIL 8, 1911. No. 16,382.

Trial: DIRECTING VERDICT. At the conclusion of the plaintiff's evidence, plaintiff and defendant each moved the court for a directed verdict. Defendant then asked to withdraw his motion and to be allowed to introduce evidence. This request was refused, and a verdict directed for plaintiff. *Held,* That in such case prejudicial error will not be presumed, and the judgment of the district court will be affirmed under section 145 of the code, where the record does not disclose any facts showing that defendant suffered any prejudice or that he had a substantial defense to the action.

APPEAL from the district court for Frontier county: ROBERT C. ORR, JUDGE. *Affirmed.*

*J. L. White, E. P. Pyle* and *L. M. Graham,* for appellant.

*C. H. Tanner* and *Perry, Lambe & Butler, contra.*

LETTON, J.

This is an action for damages for the tearing down of a portion of a line fence by the defendant. The answer was a general denial. A number of witnesses were examined on behalf of plaintiff. The evidence tended to prove that defendant interfered with and damaged the fence, and that the cost of necessary repairs would not exceed $1.50. When plaintiff rested, defendant moved

for an instructed verdict in his favor. Plaintiff also moved that the jury be instructed to return a verdict in his favor. Defendant then asked to withdraw his motion for an instruction, and to be allowed to call a witness in his own behalf. This request was refused, and the court announced it would instruct for plaintiff. The jury were thereupon instructed to return a verdict for plaintiff for his actual damages, not exceeding the sum of $1.50. Exceptions were taken to these proceedings, a motion for a new trial filed and overruled, and judgment rendered on this verdict.

The defendant complains of the refusal of the court to permit him to withdraw his motion and introduce testimony. Where parties each request a direction to the jury for a verdict in their favor, they submit the case to the court upon an issue of law. *Segear v. Westcott,* 83 Neb. 515; *Dorsey v. Wellman,* 85 Neb. 262. Where a party seasonably desires to withdraw such a request and to introduce evidence, the court should allow it to be done. It is elementary, however, that error will not be presumed, but must affirmatively appear. The record does not disclose any facts showing that the defendant suffered any prejudice by the ruling. We are not informed as to the nature of the evidence he desired to introduce, or as to whether it would constitute a defense. Under the circumstances of this case, we cheerfully apply section 145 of the code and affirm the judgment of the district court.

AFFIRMED.