LAURA ADLER, GUARDIAN, APPELLEE, v. ROYAL NEIGHBORS
OF AMERICA, APPELLANT.

FILED OCTOBER 6, 1911.   No. 16,528.

Evidence: AGE: PRESUMPTIONS. It will be presumed a husband knows
the age of his wife and is qualified to testify thereto, unless the
contrary is shown, where they lived together 30 years.

APPEAL from the district court for Douglas county:
GEORGE A. DAY, JUDGE. *Affirmed.*

*Benjamin D. Smith* and *Nelson C. Pratt,* for appellant.

*Weaver & Giller, contra.*

ROSE, J.

This is a suit on a 1,000-dollar fraternal beneficiary
certificate issued by defendant to Mari Schlank January
9, 1905. Assured died September 1, 1907. Plaintiff,
Isadore Schlank, her son, is the beneficiary, and recovered
a judgment for the full amount of the insurance and in-
terest, amounting to $1,116.65. Defendant has appealed.

The substance of the defense interposed is: Assured
was over 45 years of age when she applied for member-
ship, and was for that reason ineligible. She procured
her insurance by falsely stating and warranting in her
application that she was under the age limit. On these
facts there is no liability on the part of defendant under
its laws and the terms of its contract.

After the proofs had been adduced, each party re-
quested a peremptory instruction, and the trial court di-
rected a verdict in favor of plaintiff, thereby finding that
assured did not misrepresent her age in her application
for the purpose of procuring insurance. Each party hav-
ing thus invited the judgment of the court on the con-
tested issue of fact, the direction in plaintiff's favor has
on appeal the same force as the verdict of a jury. *Dorsey
v. Wellman,* 85 Neb. 262. The only question now for

determination, therefore, is the sufficiency of the evidence to sustain the judgment.

Assured's application for membership is in the record. It is dated December 17, 1904, and gives the date of her birth as July 15, 1860. The husband of assured testified that they lived together as husband and wife from 1876 to the time of her death, September 1, 1907, and raised a family of six children; that he knew how old she was when they were married, her mother having told him, and that assured was then 16; that she was born in 1860; that he did not know of the mother's death, but that, if living, she was in Austria. If assured was born in 1860, she was not 45 when she made her application, December 17, 1904. Defendant argues, however, that the testimony of the husband cannot be considered for the following reasons: His information came from assured's mother, whose death was not shown. His evidence was hearsay, and he had not qualified himself to testify to his wife's age. Under the rules of evidence announced in a former decision, a husband is presumptively competent to speak on that subject, and may do so, though his knowledge is founded on hearsay derived from family tradition. *Grand Lodge, A. O. U. W., v. Bartes,* 69 Neb. 636. In that it was held: "A wife who has lived for 20 years with her husband will be presumed to know his age and to be qualified to testify thereto, unless the contrary clearly appears from the record." In the present case it does not clearly appear that the husband was disqualified. If he told the truth, he had lived with his wife more than 30 years, and they had raised a family of six children. His statement that he knew how old she was when they were married, because her mother told him, does not require the rejection of his testimony that she was born in 1860. He made no statement sufficient to overcome the presumption that he knew his wife's age, nor does the record contain such proof. Under the principles announced in the case cited, the evidence is sufficient to sustain the judgment.

AFFIRMED.