ANNA SCHMIDT, APPELLEE, V. WILLIAMSBURGH CITY FIRE INSURANCE COMPANY, APPELLANT.

FILED JANUARY 7, 1914.   No. 17,472.

1. **Trial:** DIRECTING VERDICT. Unless plaintiff and defendant at the close of the evidence each request a directed verdict in his favor, the district court is not authorized to determine disputed questions of fact. If such a request is made by one party alone, it is only when the testimony on behalf of the other party will not support his cause of action or his defense that the court may direct the jury to render a verdict in favor of the moving party.

2. **Insurance:** VACATION OF PREMISES: NOTICE. Notice and knowledge of the existence of a vacancy in the insured premises, or of the occurrence of a fire in the same, to such an extent as to make

them uninhabitable, communicated to the local agent of the defendant, authorized to issue policies and transact the usual business of a recording agency, is the knowledge of the insurance company.

3. ———: Forfeiture: Return of Premium. Where a policy provides that the policy "shall be void if the building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days," and also provides: "If this policy shall * * * become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate"—the company is not bound to return any unearned premium, unless the policy is surrendered.

4. ———: ———: Waiver. Where, under such a policy, the insurer has no notice or knowledge of the breach of a condition in the policy making it void in case the premises are vacant or unoccupied for more than ten days, and did not learn until after the premises were totally destroyed that the building had been so damaged by previous fires as to be uninhabitable and had so remained for several weeks before the loss occurred, the fact that the adjuster for the company, while declaring that the policy was void and that the insurer was not liable, offered a larger sum than the unearned premium for a surrender of the policy does not of itself constitute a waiver of the forfeiture.

Appeal from the district court for Douglas county: Willis G. Sears, Judge. *Reversed.*

*Greene, Breckenridge, Gurley & Woodrough,* for appellant.

*Albert S. Ritchie* and *Charles L. Fritscher, contra.*

Letton, J.

Action to recover upon an insurance policy for the total destruction of a house in South Omaha on April 17, 1910. The defense relied upon is that the premises were vacant or unoccupied at the time of the fire, and had been so for more than ten days, and a provision in the contract that the policy "shall be void if the building herein described, whether intended for occupancy by owner or tenant, be

or become vacant or unoccupied and so remain for ten days."

The reply pleads that the property was partially destroyed by fire within 30 days before April 17, 1910, avers that this rendered the premises uninhabitable; that defendant had the option within 30 days to rebuild or to repair; that it had knowledge of the fire of March 20, 1910, and had not on April 17 exercised the option. It further pleads that defendant had not declared a forfeiture of the policy on account of the vacancy, nor returned or tendered the unearned premiums. It also pleads an offer of $150 for the surrender of the policy and in payment of the loss before suit, and that by this offer defendant waived any breach of the conditions of the policy.

The insured property was occupied as a rooming-house. A fire occurred on March 20, which damaged the property to some extent. On March 30 another fire occurred. In extinguishing these fires the contents of the building were materially damaged, and the occupants moved out, leaving one or two old mattresses and a portion of a bedstead in the basement and lower floor. The testimony on behalf of plaintiff is to the effect that the local agent who wrote the policy was notified of the loss by the fire of March 20 within a day or two after it happened, and that he said he "would look after the matter." The agent, however, unequivocally denies that he had any knowledge or notice of this fire. Nothing was done by the insurance company with respect to repairs, and the plaintiff's agents, Gallagher & Nelson, procured repairs to be made, which were finished on the 16th of April. Proofs of loss were sent in after the fire of April 17, and soon afterwards Mr. Wilken, the adjuster for the defendant, went to the office of Gallagher & Nelson. Wilken testifies that he then told Gallagher & Nelson the building had been vacant 19 days or more; that the policy was void, and the company not liable thereon. The policy contained a mortgage clause, "loss or damage, if any, payable to the Lion Bond & Surety Company as its interest may appear."

Defendant objected all through the trial that plaintiff was not the real party in interest. The petition alleged that the surety company had given its consent to the action being brought in the plaintiff's name, and the president of that company testified to the same effect. This we think was sufficient to show authority to bring the suit. At the close of plaintiff's case, and after the testimony of defendant had been received, defendant moved the court for a directed verdict: First, because from the pleadings judgment must be for the defendant; second, because the action is not brought by the real party in interest; third, because the vacancy condition of the policy was violated and the policy was not in force on April 17, 1910. The court overruled this motion. Apparently upon its own motion the court then instructed the jury, in substance, that the defendant was not in a condition to claim that the policy had become without force until it had returned or tendered the return of the unearned premium, and therefore the insurance contract was still in force, and recognized at all times afterward as being in force, between the parties, and further directed it to return a verdict in favor of plaintiff for $844.38, being the face of the policy with interest.

The plaintiff argues that the judgment of the district court was right for two reasons: First, that, where one party moves for a directed verdict, the district court is thereby invited to settle and determine any questions of fact in the case necessary to a determination of the motion, relying upon certain cases in the state of New York; second, that, having determined that the company had notice of the fire of March 20 and failed to exercise its option to repair, it could not take advantage of the fact that the house was vacant and uninhabited by reason of the damage caused by the former fire. In the latter contention she relies upon the opinion in the case of *Lancashire Ins. Co. v. Bush*, 60 Neb. 116. The principle of that case cannot apply, unless the court was entitled to decide as a matter of fact that proper notice was given to the company on the occurrence of the former fire, so that

it might exercise the option of either paying the amount of the loss or making the repairs itself, and that such a fire rendered the building untenantable. We have decided that, where plaintiff and defendant each requests the court to direct a verdict, this amounts to a submission of the case to the court upon the questions of both law and fact. *Davison v. Land,* 89 Neb. 58; *Adler v. Royal Neighbors of America,* 90 Neb. 56. We have never held that a request for a directed verdict by one party alone has the effect of submitting all questions of fact in the case to the court for its determination. On the contrary, we have uniformly held that, "if there be any testimony before the jury by which a finding in favor of the party on whom rests the burden of proof can be upheld, the court is not at liberty to disregard it and direct a verdict against him. *And the converse of this is also true.*" *Grant v. Cropsey,* 8 Neb. 205. *Hunt v. State Ins. Co.,* 66 Neb. 125, and cases cited. And, also, that "this court will regard as conclusively established every fact favorable to the unsuccessful party which the evidence proves or tends to establish." *Preston v. Stover,* 70 Neb. 632. We prefer to adhere to the rule adopted in this state rather than to announce a new one. It seems clear that it was the province of the jury to determine whether the testimony of the witness Dickey that he notified Mr. Gibson, the local agent who issued the policy, of the fire of March 20 established the giving of the notice, or whether the absolute denial by Gibson of the giving of any such notice proved that no notice was ever given. Unless, therefore, the case is determined upon other grounds we think this question should have been submitted to the jury. Of course this error would not be prejudicial if we should take the view the learned district court did that, since no offer was made to return the unearned, premium, the policy was still in force at the time of the fire, although the company had no notice or knowledge that the property was vacant.

Plaintiff argues that it was the duty of the company, in order to avoid liability, to declare a forfeiture, and that

a failure to do this waived the condition.    Plaintiff re-
lies upon the cases of *Home Fire Ins. Co. v. Kuhlman,*
58 Neb. 488, *Hunt v. State Ins. Co., supra,* and *Farmers
& Merchants Ins. Co. v. Bodge,* 76 Neb. 31.    In the *Hunt*
case "the evidence tended to show that the local recording
agent of the defendant had full notice and knowledge of
the change of occupants, and of the vacancy at the time
of such change, long prior to the loss, and that after he
had such notice the defendant treated the policy as in
force by indorsing a mortgage clause thereon.    With re-
spect to the alleged vacancy at the time of the loss, the evi-
dence showed that the tenant in possession of the premises
had been ordered to move, and had moved out the day of
the loss; the fire occurring at night not many hours there-
after."    The court held that under these circumstances
notice to the local agent was notice to the insurer, and
that the indorsement of the mortgage clause upon the pol-
icy with such notice was inconsistent with an intention to
insist upon a forfeiture.

In the *Kuhlman* case, the facts were that the fire oc-
curred on April 11, and on April 13 the secretary of the
insurance company sent a letter to Mrs. Kuhlman, inclos-
ing a draft for the return premium under the policy, recit-
ing:  "Said policy being this day canceled on our books,
and our liability terminating thereunder from and after
this date."    This letter being written after the fire, the
court held "it was written for the express purpose of ter-
minating the contract, and on the assumption that the
contract was then in full force and effect," and sustained
the recovery.    Of course, if the policy was not canceled
until two days after the fire, it was in force on that day,
and was so recognized by the company in this correspond-
ence.

In the *Bodge* case, the insurance company became aware
of the vacancy after the loss; it thereupon returned the
unearned premium and canceled the policy.    The court
first held (76 Neb. 31) that under a vacancy provision
the policy does not become absolutely void upon a viola-
tion of the conditions, unless the insurer chooses to take

advantage of the forfeiture, and where after loss the in-
surer, with information of the loss, as well as breach of
the conditions, cancels the policy and retains the premium,.
it will be held to be a waiver of the breach.  On rehearing
(76 Neb. 35), however, this opinion was vacated, and it
was held:  "The cancelation of a policy of insurance after
loss and notice of facts occurring before loss constituting
a forfeiture, coupled with the return of unearned pre-
mium from date of forfeiture, does not constitute a waiver
of the forfeiture."    In that case, as in this, at the time
the policy was issued the building covered by the insur-
ance was occupied by a tenant.  It later became vacant,.
and was vacant at the time of the loss.  The court cited
*Sexton v. Hawkeye Ins. Co.,* 69 Ia. 99, and *Republic
County Mutual Fire Ins. Co. v. Johnson,* 69 Kan. 146,.
76 Pac. 419.

In *Eagle Fire Co. v. Globe Loan & Trust Co.,* 44 Neb.
380, also relied upon by plaintiff, the insured violated the
policy by procuring additional insurance without the
knowledge or consent of the insurer.  The court held that
the insurer was entitled on discovering the violation to
cancel the policy, the cancelation to take effect from and
after the date of the violation.  "But the insurance com-
pany did not do this.  By its own act, it canceled the
policy on the 24th of November,  *   *   *  the day after
the date of the loss."  The facts, it will be seen, are sub-
stantially the same as in the *Kuhlman* case, and, hence,.
the company was properly held to have waived the condi-
tions.  We hold, therefore, that any insurance company,.
if without knowledge of the breach of a condition against
vacancies until after a fire has occurred, may, if it has not
waived the forfeiture, insist upon the same.

Plaintiff's argument that it was never intended the pol-
icy should become void by the premises standing vacant
for a reasonable time for change of tenants, we think is
not tenable.  The policy does not show the property was
to be occupied by a tenant, and it is provided that the
policy shall be void, whether intended for occupancy by
the owner or tenant, if remaining vacant or unoccupied for

95 Neb. 4

ten days. That empty dwellings are ordinarily extra-hazardous, to use an insurance term, as compared with those occupied either by owners or tenants is a matter of common knowledge, and conditions avoiding the policy if such vacancy continues for more than ten days may be enforced at the election of the insurer. The clause relating to the tenancy was evidently inserted to cover the very point contended for by the plaintiff. Moreover, the vacancy was not caused by a change of tenants, but by the premises being out of repair.

As to the contention that the company recognized the policy as being in force by failing to return the unearned premium: We held in *Farmers Mutual Ins. Co. v. Home Fire Ins. Co.*, 54 Neb. 740, in a case where the insured had violated the provisions of the policy by procuring additional insurance without the knowledge or consent of the insurer, and the action was brought to recover unearned premiums for the unexpired term of the policy, that the insurance company had the right to treat the policy as void when it ascertained the breach, "but Penner's violation of his insurance contract did not invest him with a right of action against the home company to recover the premium which he had paid the company therefor, or any part of that premium. The contract of insurance did not provide that, if the insurer declared it to be at an end, because of Penner's violation of its provisions in procuring additional insurance on the insured property without the consent of the home company, it would repay Penner the unearned premium; nor is this the meaning of the statute constructively incorporated into and made a part of the policy."

Perhaps as clear a statement of the legal principles as we have found is in the case of *Pearlstine v. Westchester Fire Ins. Co.*, 70 S. Car. 75, 49 S. E. 4, in which that court say: "Where, however, the premium is paid, and in consideration of it the company contemporaneously issues its policy, which is a contract to insure on certain conditions therein mentioned, and the insured violates those conditions in a material particular without the

knowledge of the insurer, in case of loss the insurer is not bound to return the consideration of the policy before standing upon its terms. The consideration has been paid, not for an absolute promise, but for a promise of the insurer to hold itself liable for loss on certain conditions. The company does not fail *in its* promise by insisting on its conditions; not having broken its contract, it has a right to retain the consideration. The insured has received all he contracted and paid for—conditional insurance—and he has no right to demand a return of the price paid from the insurer, on pain of liability for unconditional insurance. After the loss occurs, as to the property destroyed, the policy is no longer current, but has become matured by reason of the fire, and no question of good faith is involved in retaining the premium, because the rights of the parties are then fixed." The following cases are in accordance with the principles announced. *Phœnix Ins. Co. v. Stevenson,* 78 Ky. 150; *Robinson v. Aetna Fire Ins. Co.,* 135 Ala. 650, 34 So. 18; *Smith v. Continental Ins. Co.,* 6 Dak. 433; *Houdeck v. Merchants & Bankers Ins. Co.,* 102 Ia. 303; *Harris & Cole Bros. v. Royal Canadian Ins. Co.,* 53 Ia. 236; *Todd Co. v. Farmers Mutual Fire Ins. Co.,* 137 Mich. 188; *Alabama State Mutual Assurance Co. v. Long Clothing & Shoe Co.,* 123 Ala. 667, 26 So. 655; *Shuggart v. Lycoming Fire Ins. Co.,* 55 Cal. 408; 2 Clement, Fire Insurance, rule 52, p. 431.

*Brashears v. Perry County Farmers Protective Ins. Co.,* 98 N. E. (Ind. App.) 889, cited by plaintiff, relates to a farmers' mutual company. The vacancy condition in the policy did not by its terms render the policy absolutely void, and the ruling of the court seems to be based upon the existence of a by-law requiring affirmative notice of the cancelation to be given by the insurer. We think it is not an authority in opposition to the above cases.

Mr. Gallagher testifies that Mr. Wilken, the plaintiff's adjuster, came to his office, and said that he had viewed the property, and made an offer of $150; "that he would give $150 if we would surrender the policy to him. I told him we would not consider it; that the policy was not

then in our possession; held by the Lion Bonding Company." Mr. Wilken testifies with reference to this conversation with Gallagher and Nelson: "I told them that I had investigated the loss, and had found that the property was vacant at the time the fire occurred, and had been for something over 19 days, and that the company was not liable, but that it would probably cost—I don't know exactly what we figured it—from $125 to $250 to have it determined by the courts, and that I preferred to pay it to the insured." We are unable to see that this conversation amounted to a waiver of the condition of the policy, especially considering the fact that the policy itself contains the provision, "if this policy shall * * * become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate."

A similar contention was made in the case of *Norris v. Hartford Fire Ins. Co.*, 55 S. Car. 450, 33 S. E. 566. That court said: "Nor can we ascribe any potency to the position that defendant is estopped from raising its defense because no part of premium was restored. It is time enough to do this when policy is returned for cancelation; such is the language of the policy itself."

It is contended that the proofs of loss informed the company before it sent the adjuster that the premises were "not occupied pending change of tenants." This is a fact, but the proofs of loss failed to show that the premises had been unoccupied since shortly after the fire of March 20 until April 17, and less than ten days' vacancy without the knowledge of the company would not be a breach of the conditions of the policy. We think no waiver could be based upon knowledge of this statement in the proofs.

We think the case should have been sent to the jury to pass upon the question of fact presented as to whether notice of the former fire was given to the agent of the defendant. We are also of opinion that the district court erred in instructing the jury as a matter of law that "the insurance contract * * * was still in force, and rec-

ognized at all times afterward as being in force, between the parties," and in directing it to return a verdict for the plaintiff.

The judgment of the district court is

REVERSED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.